Robert JACOBS
v.
McCLOSKEY AND COMPANY
and
First Pennsylvania Banking and Trust Company
v.
DAGIT ASSOCIATES.
Civ. No. 38046.

United States District Court
E. D. Pennsylvania.

Aug. 3, 1966.

Frank Bielitsky, Philadelphia, Pa., for plaintiff.

Joseph R. Thompson, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

JOHN W. LORD, Jr., District Judge.

This matter is before the Court on the Motion of Defendant, First Pennsylvania Banking and Trust Company, to amend its answer pursuant to Fed.R.Civ.P. 15(a).

The facts are undisputed. On May 16, 1963, while employed as a construction worker in a building located at 3020 Market Street, Philadelphia, Pennsylvania, the Plaintiff allegedly suffered personal injuries due to the negligence of the Defendants, First Pennsylvania Banking and Trust Company (hereafter First Pennsylvania Co.) and McCloskey & Co. The complaint against the First Pennsylvania Co. was filed on May 7, 1965, nine days prior to expiration of the two year statute of limitations, and the summons served therewith contained the customary notice to plead within twenty days. In his complaint Plaintiff alleged that ownership of the building was vested in the Defendant First Pennsylvania Co. when, in fact, it was owned by the First Penco Realty, Inc., a wholly owned subsidiary

of the First Pennsylvania Co. Due to an error on the part of the insurance carrier for both the First Pennsylvania Co. and First Penco Realty, Inc., the attorneys for the Defendant were led to believe that the First Pennsylvania Co. actually did own the building, and this allegation in Plaintiff's complaint was admitted by the Defendant in its answer filed on June 14, 1965. When the error was discovered, the First Pennsylvania Co. filed the present motion to amend its answer to reflect the true ownership.

Under Fed.R.Civ.P. 15(a), after the time has passed for amending pleadings as a matter of course " * * * [A] party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In the absence of undue prejudice to the other party or parties, the courts have exhibited extreme liberality in allowing amendments " * * * where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, * * * " 3 Moore, Federal Practice ¶ 15.08, at 875 (2 ed. Supp. 1964); Chamberlin v. United Engineers & Constructors, Inc., 194 F.Supp. 647 (E.D.Pa.1961); Klebanow v. New York Produce Exchange, 344 F.2d 294 (2nd Cir. 1965). The Plaintiff argues strenuously that the amendment, if allowed, would prejudice him severely, pointing to the fact that it would have the effect of relieving a very solvent Defendant. There is merit to this argument, since it is clear that the true owner, First Penco Realty, Inc., now enjoys the defense of expiration of the statute of limitations. In passing, however, it is to be observed that the other Defendant, McCloskey & Co., is still in the case.

However, it is not every form of prejudice that will induce the courts to disallow amendments. To the extent that the complaining party causes the prejudice, it is not, in the judgment of this Court, "undue" within the meaning of the rule. There are two elements in this case which militate against deciding in favor of the Plaintiff. First, it was his responsibility to learn the true ownership of the building. He does not assert that he was misled by the Defendant, or that the Defendant deceived him, and it does not appear that the Defendant contributed in any way to the error in investigating title. Cf. Weade v. Trailways of New England, Inc., 117 U.S. App.D.C. 73, 325 F.2d 1000 (1963); Caufield v. Bethlehem Steel Corp., 195 F. Supp. 360 (E.D.Pa.1961); Zielinski v. Philadelphia Piers, Inc., 139 F.Supp. 408 (E.D.Pa.1956). Further, it will be recalled that the complaint was not served until nine days before expiration of the statute of limitations. As the above recited facts reveal, it is unfortunate that the Plaintiff left himself so slender a margin for error. However, that was his decision, and it was not affected by the conduct of the Defendant.

Had the Defendant answered within the nine day period remaining before the expiration of the statute, thus lulling Plaintiff into believing that his action had been properly brought, this Court would be more sympathetic to the Plaintiff's appeal. However, the Defendant was entitled to forbear responding for the twenty day period specified in the summons. Moreover, it is questionable whether the Plaintiff suffered any prejudice by virtue of the erroneous admission after the statute had expired. The Defendant could have denied ownership at that time, and the Plaintiff's amended complaint against First Penco Realty, Inc., would still have been subject to the defense of the statute of limitations.

This Court is not unmindful of the burden thus cast upon the Plaintiff. However, in view of the fact that any prejudice resulting was of Plaintiff's own making, the Defendant ought not to be prevented from correcting an error in its answer where it has otherwise acted properly. The amendment will be allowed.

One further matter is deserving of attention. In his brief opposing the amendment, Plaintiff asks, in the alternative, that the Defendant's amendment be accompanied by a substitution of First Penco Realty, Inc. for the First Pennsylvania Co. Although there has been no formal motion to this effect, in the interest of expediting this matter the request will receive consideration.

██ It is clear that amendments under Rule 15(a) may, in the court's discretion, be granted on terms. This provision is designed to avoid or to minimize any prejudice which might otherwise result. Rossi v. McCloskey & Co., 149 F.Supp. 638 (E.D.Pa.1957); Witcjak v. Allen, 22 F.R.D. 330 (E.D.Pa.1958). To grant the terms here requested, however, would in substance permit the Plaintiff to amend his complaint to the prejudice of the prospective defendant, First Penco Realty, Inc. Plaintiff would have us bring into this action a completely different entity, First Penco Realty, Inc., who would thereafter be deprived of its defense of the statute of limitations, assuming the amendment would relate back. In support of his request, Plaintiff calls to our attention a number of authorities where Plaintiff was permitted to amend its complaint to properly identify a party which had been erroneously described. Hartford Accident and Indemnity Co. v. Interstate Equipment Corp., 81 F.Supp. 357 (D.N.J.1948); Hirsch v. Bruchhausen, 284 F.2d 783 (2nd Cir. 1960); Meltzer v. Hotel Corp. of America, 25 F.R.D. 62 (N.D.Ohio 1960). However, these cases are inapposite to the matter at hand. In Hartford Accident and Indemnity Co. v. Interstate Equipment Corp., supra, the court was confronted with two corporations that had the same name and occupied the same offices. Further, the answer of the defendant who was served contained mere general denials of plaintiff's allegations, and no attempt was made to advise him of his error. Cf. Weade v. Trailways of New England, Inc., supra; Zielinsky v. Philadelphia Piers, Inc., supra. Under those circumstances it was entirely proper to facilitate a correction of the error which the defendant himself had caused. Those circumstances do not obtain here.

Similarly, in Hirsch v. Bruchhausen, supra, the real parties in interest had been brought before the court, but sought to avoid responsibility on the ground that the corporation had been dissolved, and the assets transferred to a partnership. Judge Clark, quoting from the lower court opinion, carefully pointed out that " 'the parties involved knew from the beginning of the alleged claim, the defendant was given additional time to answer, all preliminary examinations were conducted by both sides. Truly, the parties were before the court. * * * The partnership continuously participated in the proceedings.' " (284 F.2d at p. 785).

██ Those facts are quite different from the ones now before this Court. To rule in favor of the Plaintiff on the issue of substitution would require a disregard of corporate separateness. First Penco Realty, Inc. was a duly formed corporation, and as such it was a distinct and separate entity. Service upon its parent did not operate to bring it into court.

It is unnecessary to discuss further the authorities offered by the Plaintiff, as they are readily distinguishable and of little help to him. As my colleague, Judge Harold K. Wood, observed in Graeff v. Borough of Rockledge, 35 F.R.D. 178 (E.D.Pa.1964): "[T]his motion seeks more than a simple amendment to correct an error in the caption. It seeks to bring in a new party to the action by adding a corporate defendant not previously a party to the suit." See also Kerner v. Rackmill, 111 F.Supp. 150 (W.D.Pa.1953); Sanders v. Metzger, 66 F.Supp. 262 (E.D.Pa.1946). The motion of Plaintiff for substitution of First Penco Realty, Inc. for the First Pennsylvania Banking and Trust Company will be DENIED.

AND NOW, to wit, this 3rd day of August, A.D. 1966, the motion of Defend-

ant, First Pennsylvania Banking and Trust Company, to amend its answer to deny ownership of the premises in question is GRANTED. All pleadings shall be altered accordingly. The motion of the Plaintiff for substitution of First Penco Realty, Inc. for the First Pennsylvania Banking and Trust Company is hereby DENIED.

And it is so ordered.