Julia PHILLIP, Plaintiff,

v.

SAM FINLEY, INC., Adams Construction Company, W. E. Fitzgerald, H. C. Crowder, and Richard M. Anderson, Defendants.

Civ. A. No. 66-C-34-R.

United States District Court
W. D. Virginia,
Roanoke Division.

June 24, 1967.

---

Stuart A. Barbour, Jr., Roanoke, Va., and Charles Cavano, Cleveland, Ohio, for plaintiff Phillip.

William B. Poff, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for Sam Finley, Inc.

Carroll D. Rea, Hazlegrove, Carr, Dickinson, Smith & Rea, Roanoke, Va., for Adams Const. Co.

S. D. Roberts Moore, Gentry, Locke, Rakes & Moore, Roanoke, Va., for Fitzgerald, Crowder & Anderson.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This personal injury suit is brought to the court upon a jurisdictional basis of diversity of citizenship, and amount in controversy in excess of $10,000.

Plaintiff, a resident of Cleveland, Ohio, alleges that she was injured in an automobile accident on Interstate 81, in Roanoke County, Virginia, on April 20, 1964. The accident is alleged to have been caused by defendants' negligent failure to maintain adequate barricades, signs and warning devices. Plaintiff filed her original complaint on April 19, 1966, naming as defendants, Sam Finley, Inc., Adams Construction Co., and John Doe, et al, whose exact identities were unknown. Defendants, Sam Finley, Inc. and Adams Construction Co., were licensed by the State of Virginia to complete the paving of sections of Interstate 81, and said defendants had the duty to construct and maintain adequate safety signs until such time as the State Highway Department assumed responsibility for maintenance of the signs. On April 19, 1967 plaintiff amended her complaint to include the defendants, W. E. Fitzgerald, H. C. Crowder and Richard M. Anderson,— said defendants being employees of the Virginia State Highway Department, who were charged with the duty to maintain adequate safety signs. All defendants moved for a summary judgment, on the ground that plaintiff filed her amended complaint after the Virginia two-year statute of limitations had run. Defendant, Sam Finley, Inc., raises the additional ground that it was relieved of all duties as to maintenance of the safety signs, at least two months before the alleged accident took place. Plaintiff contends that the amended complaint relates back to the original complaint which was filed one day before the statute of limitations had run.

As to the defendants, W. E. Fitzgerald, H. C. Crowder and Richard M. Anderson, who were not named in the original complaint, the court feels that the statute of limitations has run as to these defendants, and they are entitled to a summary judgment in their favor. Plaintiff's amended complaint does not relate back to the original complaint so as to bar defendants from asserting the statute of limitations. "(I)f the effect of the amendment is to substitute for the defendant a new party, or add an-

other party, such amendment amounts to a new and independent cause of action and cannot be permitted when the statute of limitations has run." Kerner v. Rackmill, 111 F.Supp. 150, 151 (M.D.Pa. 1953); Lewis v. Lewis, 358 F.2d 495, 502 (9th Cir. 1966); Robbins v. Esso Shipping Co., 190 F.Supp. 880, 884–85 (S.D.N.Y.1960). This court is aware of the tendency toward extreme liberality in allowing amendments. But under Rule 4(h) of the Federal Rules of Civil Procedure, the court cannot permit an amendment when it would materially prejudice the substantial rights of the defendant. "To permit the amendment relating back to the original complaint would materially prejudice the rights of the (defendant) by depriving it of its defense, the running of the statute of limitations." Kerner v. Rackmill, supra, 111 F.Supp. at p. 152.

■ Plaintiff's use of the fiction, John Doe, et al. did not create a new right to freely amend. The burden of finding the proper defendant is on the plaintiff. Jacobs v. McCloskey and Co., 40 F.R.D. 486 (E.D.Pa.1956). Plaintiff cannot toll the running of the statute of limitations by filing a complaint against some fictional character. This is especially true when plaintiff's failure to discover the proper defendant, is plaintiff's own doing and is not caused by any misconduct of the defendant. There is no allegation that the defendants in any way misled the plaintiff, or attempted to conceal their identity. Plaintiff's original complaint was filed only one day before the statute of limitations ran. "(I)t is unfortunate that the Plaintiff left himself so slender a margin for error. However, that was his decision, and it was not affected by the conduct of the Defendant." Jacobs v. McCloskey and Co., supra at p. 488.

As to the defendants named for the first time in the amended complaint, the statute of limitations has run.

■ As to the defendants, Sam Finley, Inc. and Adams Construction Co., they were named in the original complaint which was filed within two years time of the alleged accident, thus the statute of limitations has not run as to these defendants. When the statute of limitations runs between the time of commencement of a suit and time when new parties are brought into the suit, the new parties may validly plead the statute of limitations, but the original parties may not plead the statute of limitations. 34 Am.Jur. Limitations of Actions § 275, p. 233. However, defendant, Sam Finley, Inc., is entitled to a summary judgment on another ground. It appears from the pleadings and depositions that the work of Sam Finley, Inc. was completed on February 27, 1964, about two months before the alleged accident took place. At such time, the Virginia State Highway Department assumed all responsibilities for maintenance of the safety signs, and defendant, Sam Finley, Inc., was relieved of all duties as to the signs. The defendant, Sam Finley, Inc., cannot have been negligent in the performance of a duty which no longer existed. Thus, defendant, Sam Finley, Inc., is also entitled to a summary judgment in its favor.

■ There remains only the defendant, Adams Construction Co. As previously stated, defendant, Adams Construction Co., was named in the original complaint, which was filed before the two-year statute of limitations had run. There remaining substantial questions of fact for trial, the motion of Adams Construction Co. for a summary judgment must at this stage of the proceedings be denied.

For the reasons stated in this opinion, it is hereby

### ADJUDGED and ORDERED

that defendants', Sam Finley, Inc., W. E. Fitzgerald, H. C. Crowder and Richard M. Anderson, motions for a summary judgment be, and hereby are granted, and said defendants are dismissed with prejudice. The motion of Adams Construction Co. for a summary judgment is hereby denied.