**Joseph A. WILLIAMS, Plaintiff,**

v.

**Benjamin WARD, individually and in his capacity as Commissioner of the New York State Department of Correctional Services; Harold J. Smith, individually and in his capacity as Superintendent, Attica Correctional Facility; Dr. Vratislav Kejzlar, individually and in his capacity as an employee of the Attica Correctional Facility; Steven Hollenbeck, individually and in his capacity as a Physician's Assistant at the Attica Correctional Facility, Defendants.**

**No. CIV–78–54C.**

United States District Court, W.D. New York.

Jan. 10, 1983.

---

Anthony Szczygiel, University of N. Y. Legal Assistance Program, Buffalo, N. Y., for plaintiff.

Mark A. Hulnick, Buffalo, N. Y., for defendant Ward.

Gary S. Bittner, Buffalo, N. Y., for defendant Smith.

Nelson F. Zakia, Ange, Biryon, Gordon, Rosa & Zakia, Buffalo, N. Y., for defendant Kejzlar.

Christina Kaiser Hurnyak, Dempsey & Dempsey, Buffalo, N. Y., for defendant Hollenbeck.

CURTIN, Chief Judge.

Plaintiff, an inmate at Attica Correctional Facility, filed a pro se civil rights complaint in January 1978 against defendants Smith, Kejzlar, and Hollenbeck, charging that in 1977 his left leg was amputated two inches above the knee as a result of gross negligence on the part of Dr. Kejzlar and Steven Hollenbeck.

After a motion to dismiss the complaint was denied, the court appointed counsel to represent the plaintiff, and discovery began in 1979. On January 29, 1980, the Assistant New York State Attorney General moved for an order allowing him to withdraw as counsel for all three of the defendants. The motion was granted, and private counsel were obtained in March, 1980, for the three defendants. There was a delay in the preparation of the case during 1980 because of serious illness of plaintiff's attorney, but in November of 1980, a motion to file an amended complaint adding Benjamin Ward as a defendant was granted.

The present motion before the court is one by defendant Ward to dismiss the complaint against him or, in the alternative, for the granting of summary judgment.

Defendant Ward argues, first, that the amended complaint was not filed within the period provided by the law for commencing the action against him. Secondly, Ward also argues that the complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6), claiming that the allegations are insufficient to describe individual liability on his part. This motion is also made pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Because plaintiff's complaints relate to activities in 1977, defendants argue that the three-year statute of limitations applicable to section 1983 actions requires dismissal of the complaint. *Pauk v. Board of Trustees of City University of New York,* 654 F.2d 856 (2d Cir.1981).

Plaintiff's first argument is that his treatment at Attica Correctional Facility did not end until December of 1977, and therefore, under the "continuous treatment theory," since the amended complaint was

filed on November 20, 1980, the complaint was filed in a timely fashion. *See Modave v. Long Island Jewish Medical Center,* 501 F.2d 1065 (2d Cir.1974). Plaintiff also argues that he was not aware of the fact that defendant Kejzlar was not licensed to practice as a physician at the time that he was treated, and he did not learn of this fact until late in 1979 or early in 1980.

■ Federal Rule of Civil Procedure 15(c) provides that when the amended complaint seeks to add a party, the amendment will relate back, only if the newly named defendant

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The notice to the defendant does not have to be formal. It is sufficient if it puts defendant on actual or constructive knowledge that there may be a claim against him, and this knowledge is sufficient to encourage the defendant to prepare a defense. Knowledge can be imputed to a new defendant through his attorney who also represented the party or parties originally sued. *Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir.1980); *Florence v. Krasucki,* 533 F.Supp. 1047, 1054 (W.D.N.Y.1982); *Davis v. Krauss,* 93 F.R.D. 580 (E.D.N.Y.1982).

■ In this case, Benjamin Ward, who was Commissioner of the Department of Corrections at the time, had the statutory responsibility for the employment of defendants Smith, Kejzlar, and Hollenbeck. Even if he did not have personal knowledge of this case, the Attorney General of New York State, as his attorney, certainly did. In the court's order of January 31, 1978, the Attorney General was instructed to review the instant matter and to "consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of this complaint." The directive of the court suggests that hiring of an unlicensed physician, such

as defendant Kejzlar, at some future time might become an issue and that the duty to investigate liability with respect to Ward was incumbent upon the attorney.

For these reasons, the amended complaint will relate back to the date of the original filing, and the complaint is timely filed. *Pauk v. Board of Trustees of City University of New York, supra; Florence v. Krasucki, supra.*

■ Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or Rule 56, claiming that the allegations are insufficient to describe individual liability on behalf of the Board, must be denied. This Circuit recognizes that inaction, as well as action, on the part of State officials may trigger liability under section 1983. *Duchesne v. Sugarman,* 566 F.2d 817, 832 (2d Cir.1977).

Defendants correctly argue that plaintiff may not premise liability solely upon a theory of respondeat superior, *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). However, in this case, there is an affirmative duty on defendant Ward's part, required by specific provisions of State law, *Mukmuk v. Commissioner of Department of Correctional Services,* 529 F.2d 272, 275 n. 5 (2d Cir.1976); and *United States ex rel. Larkins v. Oswald,* 510 F.2d 583 (2d Cir. 1974). As Commissioner of Corrections, defendant Ward is responsible for the appointment of all employees necessary for the performance of duties under New York Correction Law §§ 5 and 7. His duties encompass the establishment of programs of treatment for medical care, with due regard for the "right of every person in the custody of the Department to receive humane treatment" and with due regard to the "health and safety of every person in the custody of the Department." New York Correction Law § 70.

In this case, plaintiff pleads in the amended complaint that defendant Ward knew or should have known that defendant Kejzlar was not licensed or authorized to practice medicine in the State of New York, in violation of section 6512 of the Education Law, which makes unauthorized practice a

crime. The complaint further alleges that defendant Ward should have known that defendant Hollenbeck performed medical services as a physician's assistant without the supervision of a licensed physician, in violation of section 6512 of the Education Law.

"It is not necessary for § 1983 liability that the [defendants] directed any particular action with respect to [plaintiff], only that they *affirmatively* promoted a policy which sanctioned the type of action which caused the violations.

*Duchesne v. Sugarman, supra* at 831.

Furthermore, plaintiff argues that New York C.P.L.R. § 4504(d), which was enacted in 1971, applies. This section creates a presumption of negligence for injury due to acts constituting the practice of medicine by a person not licensed. Whether or not this section will apply to the acts in this case must be left for additional argument.

Finally, plaintiff concedes that negligence without more is insufficient to state a section 1983 claim but alleges that in hiring defendant Kejzlar, an unlicensed physician, and delegating the medical care of inmates at Attica Correctional Facility to him, defendant Ward "evinced a deliberate indifference to the adequacy of the medical care they would receive." Plaintiff's Reply Memorandum of Law to Defendant Ward's Motion to Dismiss or for Summary Judgment at 14.

Plaintiff has alleged an actionable claim under Section 1983. Because there are fact questions remaining, the defendants' motion for summary judgment is denied and defendants motion to dismiss is also denied.

The attorneys are directed to meet with the court on January 18, 1983 at 9 a.m. to determine whether any further discovery is required.

So ordered.