Catherine BRUCE, Administratrix of the Estate of Sylvester Bruce, Plaintiff,

v.

Charles SMITH, Sheriff, et al., Defendants.

Civ. A. No. 83–0037–D.

United States District Court, W.D. Virginia, Danville Division.

Feb. 16, 1984.

---

Jerry L. Williams, Jr., Williams, Luck & Williams, Danville, Va., for plaintiff.

Frank O. Meade, Meade, Tate & Daniel, Danville, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

The instant action is originally brought by Catherine Bruce, Administratrix of the Estate of Sylvester Bruce, Deceased, against Danville City Sheriff Charles Smith and "[u]nknown [o]fficers of the Danville Sheriff's Department who were on duty

between April 8–14, 1981, at the Danville Jail".[1] Plaintiff seeks damages under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

Accepting the complaint as factual, Plaintiff alleges that around April 8, 1981, her husband (decedent) was arrested on a charge of public drunkenness and incarcerated in the Danville City Jail; that on April 12, 1981, while his niece was visiting him at the jail, decedent complained of and appeared to be suffering from various physical ailments; that on that same day a sister of decedent called the jail and complained about decedent's physical condition; that on April 13, 1981, when decedent was unable to appear in court to answer this charge, his relatives again complained to court personnel about his condition; and that on April 14, 1981, decedent was taken from the jail to the local hospital where he was pronounced dead. Plaintiff contends that Defendants were aware of decedent's health problems, and that their failure to provide adequate medical care resulted in his death. She asserts that these acts and omissions by Defendants resulted in her decedent's death in violation of his rights to due process and to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the Constitution of the United States.

Motions for summary judgment have been filed pursuant to Fed.R.Civ.P. 56 by Defendants Betty Hodnett, James W. Haar, Joan L. Pearson, Glenn L. Slayton, Mary H. Crews, James F. Hunt, Harold N. Moorefield, Steve Salmon, Joseph E. Booth, Michael J. Sadler, Lorenzo L. Stokes, Alsee E. Owen, Sam L. Carter, and Howard E. McCain. A supporting affidavit, signed by all fourteen Defendants, states that between September 19–20, 1983, each of these Defendants received in the mail a copy of the amended complaint in this case listing him as a named Defendant; that this was their first knowledge of any possible involvement in this lawsuit; and that they have had no contact with or representation by an attorney relative to either the death of decedent or any related legal action prior to receipt of the amended complaint. Plaintiff has been given fifteen (15) days from the date of filing of this affidavit to respond, but has declined this opportunity.

These newly-named Defendants maintain that the claims made against them in the amended complaint are time-barred by the statute of limitations. Both parties have thoroughly argued and briefed this matter, Defendants have submitted an exhibit and affidavit in support of their motions for summary judgment, and the Court is now ready to rule on these motions.

For our purposes, the following chronology is important. On April 14, 1981, decedent died. In a letter to the Danville City Attorney dated July 28, 1981, a copy of which counsel for Defendants presented to the Court at the hearing on this matter, Plaintiff's counsel stated that his law firm represented Bruce's heirs and that "[b]y this letter we give notice as required by statute of our claim for wrongful death against the Sheriff's Department of the City of Danville." Copies of the letter were sent to Plaintiff and to "Charles J. Smith, Sheriff." On March 22, 1983, the complaint was filed naming as defendants the sheriff and unknown officers in their official capacities. The pleading merely described the unknown defendants as jail guards. On March 23, 1983, the sheriff signed a "Notice and Acknowledgement of Receipt of Summons and Complaint" both on his behalf as sheriff and "for unknown officers of the Danville Sheriff's Department". These acknowledgements were filed with the Court on April 14, 1983. On July 25, 1983, Plaintiff's first interrogatories to Defendants were served. Answers to these interrogatories were returned on August 22, 1983.

On August 25, 1983, Plaintiff moved for leave to file an amended complaint, asserting that the original complaint listed certain Defendants unknown to Plaintiff and

---

**1.** By Order dated July 19, 1983, Defendants Raymond Procunier, Director, and the Virginia Department of Corrections were dismissed with prejudice from this case.

that the names of these additional Defendants had only been secured through discovery. By Order dated September 14, 1983, the Court granted Plaintiff's motion to file an amended complaint. That amended complaint names Sheriff Smith and, for the first time, the fourteen (14) new Defendants mentioned above. In their answer to the amended complaint, Defendants raise the defense of statute of limitations.

## I.

■ The federal civil rights statutes do not provide a specific statute of limitations. Under 42 U.S.C. § 1988, the federal cause of action is governed by appropriate "laws of the United States," but if such laws are inadequate, state law rules are borrowed unless a particular state rule is "inconsistent with the Constitution and laws of the United States." *See Chardon v. Fumero Soto*, — U.S. —, —, 103 S.Ct. 2611, 2615, 77 L.Ed.2d 74 (1983); *Johnson v. Davis*, 582 F.2d 1316, 1318 (4th Cir.1978). In determining which state statute of limitations applies to a § 1983 action, a federal court should apply the time bar used by the forum state for similar torts. *Hill v. Trustees of Indiana University*, 537 F.2d 248, 254 (7th Cir.1976). Under Virginia Code § 8.01–244, the limitations period for wrongful death action is two years.

This action accrued on April 24, 1981, the date of decedent's death, and accordingly must have been brought on or before April 14, 1983. The original complaint was timely filed on March 22, 1983, some 23 days before the statutory period expired. However, on August 25, 1983, over four months after the statute of limitations had run, Plaintiff moved for leave to file the amended complaint in which these fourteen additional Defendants were named. The Court granted leave to file the amended complaint on September 14, 1983. Therefore, the dispositive question in this case comes down to whether the amended complaint relates back to the date the original complaint was filed or was barred by the statute of limitations.

## II.

■ Naming unknown, fictitious, or "John Doe" defendants in a complaint does not toll the statute of limitations until such time as the names of these parties can be secured. Instead, it amounts to a change of parties under Fed.R.Civ.P. 15(c) and the newly named defendant sought to be substituted for the previously unknown defendant becomes a new party. *Britt v. Arvanitis*, 590 F.2d 57, 60–61 (3rd Cir. 1978); *Sassi v. Breier*, 76 F.R.D. 487, 489 (E.D.Wisc.1977), *aff'd*, 584 F.2d 234, 235 (7th Cir.1978); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3rd Cir.1977); *Craig v. United States*, 413 F.2d 854 (9th Cir.), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969).

■ Under Rule 15(c) an amended complaint naming new parties will only relate back if each of the following three conditions are met: (1) the claim asserted in the amended pleading arise out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against them, the parties to be brought in have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new parties knew or should have known that, but for the mistake concerning the identity of the proper parties, the action would have been brought against them.

■ There is no question that the amended complaint relates to the same transaction set forth in the original complaint. Thus, the primary focus here is whether the second and third elements of Rule 15(c) have been complied with. In this regard, courts have generally examined the facts of each case to ascertain whether application of the relation back doctrine would be inconsistent with the notice safeguards of Rule 15(c)(1) and (c)(2). *See* 3 J. Moore, Moore's Federal Practice ¶ 15.15 (2d ed. 1983).

These applicable notice principles are well-settled. The phrase "period provided by law for commencing the action" obviously refers to the applicable statute of limitations period. Rule 15(c) Advisory Committee Notes. "Action" pertains to the actual filing of the lawsuit, not the incident giving rise to that suit. *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968); *Craig v. U.S.*, 413 F.2d at 858. Informal notice to the new party of the commencement of the action is sufficient. *Williams v. U.S.*, 711 F.2d 893 (9th Cir.1983); Rule 15(c) Advisory Committee Notes.

As to possible prejudice to Defendants maintaining a defense on the merits, Plaintiff's own inexcusable neglect is a proper consideration. Moore, *supra*, at 15–231. For example, in *Phillip v. Sam Finley, Inc.*, 270 F.Supp. 292 (W.D.Va.1967), a complaint naming several unknown defendants was filed one day before the statute of limitations ran. Then, one year later, plaintiff filed her amended complaint naming certain additional defendants for the first time. In holding that the statute of limitations had run as to these new defendants, Judge Dalton observed:

> The burden of finding the proper defendant is on the plaintiff. *Jacobs v. McCloskey & Co.*, 40 F.R.D. 486 (E.D.Pa. 1966). Plaintiff cannot toll the running of statute of limitations by filing a complaint against some fictional character. This is especially true when plaintiff's failure to discover the proper defendant is plaintiff's own doing and is not caused by any misconduct of the defendant. There is no allegation that the defendants in any way misled the plaintiff, or attempted to conceal their identity. Plaintiff's original complaint was filed only one day before the statute of limitations ran. '(I)t is unfortunate that the plaintiff left himself so slender a margin

for error. However, that was his decision, and it was not affected by the conduct of the Defendant.' *Jacobs v. McCloskey and Co., supra* at 488.

270 F.Supp. at 294. (Emphasis added).[2]

Likewise, identity of interest between the old and new plaintiffs is an appropriate guide in measuring possible prejudices to these newly named parties. Moore, *supra* at 15–230 to –233. This concept, a judicial gloss on Rule 15(c)(1), provides that when the original and added parties are so closely related in business or other activities that it is fair to presume that the added parties learned of the institution of the suit shortly after it was commenced. *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–103 (1st Cir.1979).

Furthermore, in the absence of a mistake by plaintiff as to the identification of the proper defendants, it is irrelevant whether the new party had constructive notice that the suit would have been brought against him. *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir.1980).

After thoroughly considering these guidelines as well as the other authority cited on brief, I am satisfied that relation back under Rule 15(c) is inappropriate in the case at bar. In fact, the cases relied on by Plaintiff are each factually quite dissimilar to this litigation.

The two Fifth Circuit cases, *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980) and *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135 (5th Cir.1970), clearly involved misnomer, not the addition of named defendants for previously unknown parties involved here. In *Kirk*, the original complaint, filed two days before the wrongful death claim became time barred, incorrectly named as a defendant the county sheriff's office, instead of the sheriff himself. Later, after the expiration of the statutory period and

---

**2.** In *Jacobs*, a construction worker filed suit against the alleged owner of the building in which he was injured. After the cutoff date for the action, plaintiff learned that he had erred in investigating title and moved to substitute a new defendant to reflect true ownership. Pointing out that it was plaintiff's responsibility to determine the identity of the building's owner, that defendant had not in any way contributed to the mistake, and that plaintiff had instituted the action only nine days before the expiration of the limitations period, the substitution of parties was denied. 40 F.R.D. at 488.

after the sheriff's office had been dismissed as an entity incapable of being sued, this substitution of the sheriff was allowed. *Montalvo* involved a suit under the Fair Labor Standards Act by employees of the Tower Life Building. There, the court had little difficulty with allowing plaintiffs to amend their complaint to reflect the proper defendant, Tower Life Insurance Company.

Equally inopposite is the situation in *Williams v. Ward*, 553 F.Supp. 1024 (W.D.N.Y.1983). Relation back was allowed in that *pro se* civil rights action as to the new defendant, the commissioner of the state department of correctional services. Knowledge of the suit was imputed to the commissioner through his counsel, the state attorney general, since in addition to representing the original defendants, it was that attorney's responsibility under an earlier court order to investigate the commissioner's possible culpability in the allegations raised in the complaint. *Id.* at 1026.

In *Craig v. U.S., supra,* a wrongful death action brought under the Death on the High Seas Act, the named defendants included "Does I through X." In upholding the denial of plaintiff's motion to amend her complaint to substitute Litton Systems, Inc. for Doe I, the Ninth Circuit reasoned that it could not be said that mere notice of the incident, but not the institution of the suit itself, within the statutory period, did not prejudice Litton in its defense to this action. 413 F.2d at 858.

Relation back to the date of the original complaint of amendments substituting individual police officers in place of fictitious defendants after the limitations period was allowed in Plaintiffs' remaining cases, *Ames v. Vavreck*, 356 F.Supp. 931 (D.Minn. 1973), and *Florence v. Krasucki*, 533 F.Supp. 1047 (W.D.N.Y.1982). The critical difference between these cases and our situation is that both district courts based their decisions on a fact not present in the instant case, namely *ongoing representation of original and additional defendants at all times from the institution of the suit by the same attorney.* In *Ames,* all policemen were represented by an assistant city attorney, while in *Florence* it was the same state attorney general. *Ames,* 356 F.Supp. at 942; *Florence,* 533 F.Supp. at 1054. In contrast, defendants in their affidavit emphasize that they have had no legal representation or even any contact with an attorney relative to decedent's death or related lawsuit prior to receiving the amended complaint.

Defendants, on the other hand, point to *Phillip v. Sam Finley, Inc., supra,* discussed previously, and *Francis v. Pan American Trinidad Oil Company,* 392 F.Supp. 1252 (D.Del.1975). In the latter case, plaintiffs, in addition to failing to show that the added defendants had notice of the suit before passage of the time limit, had not satisfied the requirement of "mistake concerning the identity of the proper party." Especially significant there was the fact that the plaintiffs had legal counsel for more than one year prior to expiration of the three-year statute of limitations. *Id.* at 1258–1259. Judging from the exhibit submitted by Defendants in support of their motion for summary judgment, i.e. the letter of July 28, 1982, it would appear that Plaintiff had legal representation at least within 4½ months of decedent's death. In other words, Plaintiff let some 20 months pass before she actually began these legal proceedings.

Defendants also direct my attention to *Sassi v. Breier*, 584 F.2d 234 (7th Cir.1978), *Wood v. Worachek*, 618 F.2d 1225 (7th Cir.1980), and *Simmons v. Fenton*, 480 F.2d 133 (7th Cir.1973). I find the Seventh Circuit's reasoning in these cases to be sound and, in my opinion, fully applicable to the circumstances presented here.[3]

---

**3.** *Cf. Eakins v. Reed,* 710 F.2d 184 (4th Cir.1983). [newly added defendant's affidavit admitting responsibility for alleged violation of inmate's constitutional rights showed his recognition that he was the intended defendant in the *pro se*

§ 1983 action]; *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3rd Cir.1977) [testimony as to when he first saw the complaint and that he knew the phrase unknown employee referred to

In *Sassi*, a complaint listing certain defendants as "unknown and unidentified members of the Milwaukee Police Department, designated as John Doe and Richard Roe, et al." was filed two days before such an action would have been time barred. Over one year after the limitations period had expired, an amended complaint substituted by name these previously unknown police officers. The newly named defendants submitted with their motions for summary judgment affidavits stating that until served with a copy of the amended complaint, they had no knowledge of commencement of the suit. Relying on the plaintiff's failure to contradict these sworn statements, the Seventh Circuit affirmed the grant of summary judgment as to the additional defendants. 584 F.2d at 235.

In this regard, I find the following analysis of the *Sassi* district court to be most instructive:

> [P]laintiff apparently did not know the names of those police officers against whom he sought relief. The names 'John Doe' and 'Richard Roe' were fictitious names for these unknown persons. *While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications.* To allow a plaintiff to name a 'John Doe' defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations. A plaintiff could automatically include a 'John Doe' defendant in every action and thereby totally circumvent any limitation provision.

*Sassi v. Breier*, 76 F.R.D. 487, 490 (E.D. Wis.1977). (Italics supplied).

Unknown and unidentified officers of the Milwaukee Police Department, denominated as John Doe and Richard Roe were also named in the complaint in *Wood v. Worachek, supra.* That court ruled that an amended complaint naming a certain officer as a defendant did not comply with the provisions of Rule 15(c) in several respects. First, the taking of that officer's deposition by the plaintiff prior to expiration of the statute of limitations did not place the officer on notice that he would some six years later be brought in as a defendant. Second, although the new defendant was represented by the same counsel as two original defendants, he had not been represented by an attorney either at the time of the deposition or at any other time with respect to this suit prior to being served with the amended complaint. Third, the additional defendant was prejudiced by being deprived of his defense of the statute of limitations, absent relation back under Rule 15(c). Lastly, the record failed to indicate the requisite *mistake* on the plaintiff's part as to the identity of the proper party defendant. 618 F.2d at 1229–1230.

The dilemma facing Defendants should relation back be permitted in the instant case is graphically illustrated by the following language from *Simmons v. Fenton:*

> To allow the amendment [substituting a new defendant] will be to deprive her of the defense of the statute of limitations. Such a defense is a complete bar to the action, and to deny it makes the prejudice complete and final. This is in direct conflict with the language of the rule that she 'will not be prejudiced in maintaining [her] defense on the merits.'

480 F.2d at 136.[4]

Returning to the facts of this case, under Fed.R.Civ.P. 56 there is no alternative but

---

him held sufficient under Rule 15(c) to allow relation back.]

**4.** In the now familiar fact pattern, the plaintiffs in *Simmons,* on the last day of the two year limitation period, commenced a personal injury action against a twelve-year-old girl who they alleged had been the driver of one of the automobiles involved in a collision. Service as not made on this defendant until three weeks after the statute of limitations had expired. Over one year later, upon learning that the youth's mother was the actual driver of the vehicle in question, plaintiffs moved to substitute the names of their intended defendant. Thus, even though the new defendant heard about the lawsuit when service was made upon her daughter, that notice was three weeks tardy. *Id.*

to find that no genuine issue of fact remains. Faced with the affidavit of the new Defendants, Plaintiff, like her counterpart in *Sassi v. Breier, supra,* had the burden of responding by either submitting counteraffidavits setting forth specific facts showing that a genuine issue of material fact remains or filing an affidavit explaining why she was unable to do so. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Atkinson v. Bass,* 579 F.2d 865 (4th Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 615, 58 L.Ed.2d 679 (1978). Plaintiff has done neither.

Summary judgment is especially appropriate here because of the fact that Plaintiff, who apparently had legal counsel within less than five months of the date of her husband's death, did not file suit until just twenty-three days before the expiration of the statute of limitations. Moreover, even at that late date, Plaintiff still had the opportunity to come before the Court and request expedited discovery [5] in order that she may have secured the names of the unknown officers prior to the running of the two year limitations period. It is also highly significant that Plaintiff's interrogatories were served on Sheriff Smith over three months after the statutory period had expired.

In summary, I conclude that under Rule 15(c) the amended complaint naming the fourteen new Defendants does not relate back to the date of the original complaint; that Plaintiff's claim against these newly named Defendants is barred by the statute of limitations; and that Defendants' motion for summary judgment will be granted.

---

5. For instance, Plaintiff could have asked for leave of Court either to depose Sheriff Smith or to require him to answer interrogatories before her cause of action against the unknown defendants became time barred. *See* Fed.R.Civ.P. 30(a), 33(a).