John SITARZ, Estelle Sitarz, and John David Sitarz, Individually and as Assignees of and Successors to the Rights of Northern Electronics, Inc., a Michigan Corporation; and Northern Electronics Inc., a Michigan Corporation, Plaintiffs,

v.

Harold BUCHER, d/b/a Ace Recovery Service; Mr. Babcock; Paccar Financial Corp., a Washington Corporation; Doug Hall; Robert Waldrop; Ernie Bowen; Deputy Emilio Pena; Lt. Monday Villegas; Clifford C. Gray; Merle Reynolds; Edward Looker; Wayne Ciccotelli; D.O. Smith; Dave Daniels; Jim Clay; Carole Deveney; William Carroll; Martin Vigil, Chief of the New Mexico State Police; Edward Di Matteo, Sheriff of Dona Ana County; Fred C. De La O, Sheriff of Luna County; Arturo Roman, Chief of Police of City of Deming; City of Deming; Dona Ana County; Luna County; the New Mexico State Police; and the State of New Mexico, Defendants.

CV No. 83–1911 HB.

United States District Court, D. New Mexico.

June 30, 1986.

Sarah E. Bennett, Mark H. Donatelli, Rothstein, Bailey, Bennett & Daly, Santa Fe, N.M., Richard Rosenstock, Chama, N.M., for plaintiffs.

Montgomery & Andrews, P.A., Jeffrey R. Brannen, Katherine A. Weeks, Santa Fe, N.M., for Paccar Financial Corp.

Ralph Wm. Scoggins, El Paso, Tex., E.H. Williams, Las Cruces, N.M., for Bucher d/b/a Ace Recovery # 1.

## MEMORANDUM OPINION AND ORDER

BRATTON, Chief Judge.

This matter comes before the court on a motion for summary judgment filed by defendants Jim Clay, Edward Looker, Clifford Gray, Dave Daniels, Wayne Ciccotelli, Merle Reynolds, D.O. Smith, William Carroll and Carole Devaney. The court, having considered the motion, the memoranda and exhibits submitted by the parties in conjunction therewith, and consulted the applicable authorities, concludes that defendants' motion is well-taken and should be granted, because plaintiffs' cause of action against these defendants is barred by the statute of limitations.

This is a civil rights action arising out of an alleged attempt to repossess a truck owned and operated by the plaintiffs. Plaintiffs allege that early in 1981 they had purchased a Peterbilt truck; the sales contract was held by Paccar Financial Corporation. During 1981, plaintiff John Sitarz was engaged in negotiations with Paccar concerning payments allegedly due under the contract. On December 31, 1981, plaintiffs John Sitarz, his wife Estelle Sitarz and their son John David Sitarz were driving the truck through New Mexico. They had stopped the truck near Deming, New Mexico, when defendant Babcock, an employee of Ace Recovery Service, entered the truck forcibly and removed the keys from the ignition. Defendant Babcock was attempting to repossess the truck on behalf of Paccar Financial Corporation. Plaintiffs drove the truck away, using a second set of keys. A short time later John Sitarz telephoned Paccar, and was assured by a Paccar employee that repossession of the truck had not been authorized.

Later that same day, plaintiffs were stopped by a police roadblock east of Deming on Interstate 10. Plaintiffs allege that they were assaulted by law enforcement personnel and forced to leave the cab of the truck at gunpoint. John David Sitarz was forced to lie face down on the ground, and Estelle Sitarz was forced at gunpoint to stand with her hands in the air. Plaintiffs were told that the truck in which they were riding had been reported stolen; the truck's occupants were reported to be heavily armed. They were taken to the police station in Deming, where they were

detained until it was ascertained that the allegations against them were false. Plaintiffs were then released; no criminal charges were brought against them.

Plaintiffs originally filed suit in December, 1983, against the Ace Recovery Service, Paccar Financial Corporation, Doug Hall, an officer in the New Mexico State Police, Robert Waldrop and Ernie Bowen, deputy sheriffs of the Luna County, New Mexico Sheriff's Office, Martin Vigil, Chief of the New Mexico State Police, Edward Di Matteo, Sheriff of Dona Ana County, Fred C. De La O, Sheriff of Luna County, Arturo Roman, Chief of Police of the City of Deming, the City of Deming, Dona Ana County, Luna County, the New Mexico State Police, and the State of New Mexico. Plaintiffs also sued John Does Nos. 1 through 10, who were identified as either New Mexico State Police Officers, Luna County Deputy Sheriffs, City of Deming Police Officers, Dona Ana County Deputy Sheriffs or members of other law enforcement agencies of the State of New Mexico or its political subdivisions. Plaintiffs allege that defendants' conduct violated their constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

Plaintiffs' Complaint was subsequently amended by interlineation to replace John Does 1 and 2 with Emilio Pena and Monday Villegas, deputy sheriffs of the Luna County, New Mexico Sheriff's Office. On August 13, 1985, plaintiffs were granted leave to amend their complaint to replace the remaining John Doe defendants with Deming police officers Clifford Gray, Wayne Ciccotelli, Edward Looker, Dave Daniels, Merle Reynolds, and D.O. Smith, Luna County Sheriff's Officer Jim Clay and dispatchers Carole Devaney and William Carroll.

The nine newly-added defendants urge this court to grant their motion for summary judgment. They argue that plaintiffs' claims against them are barred by the three-year statute of limitations for injuries to personal rights found in N.M.Stat.Ann.

§ 37–1–4 (1978). *Garcia v. Wilson,* 731 F.2d 640, 651 (10th Cir.1984), *affirmed,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (U.S.1985).[1] Plaintiffs do not dispute the applicability of the three-year statute of limitations, but argue, first, that defendants' motion is governed by the law of the case contained in the Order of the United States Magistrate permitting plaintiffs to amend their Complaint to include the newly-added defendants, and, second, that the Second Amended Complaint relates back to Plaintiffs' original Complaint and is, therefore, not barred by the statute of limitations.

■ Plaintiffs' arguments lack merit. First, plaintiffs argue that defendants' failure to object to the Order of the United State's Magistrate, entered August 13, 1985, makes the Magistrate's Order the law of the case. Plaintiffs characterize that Order as finding that plaintiffs had satisfied the requirements of Fed.R.Civ.P. 15(c), governing relation back of amended pleadings. Magistrate McCoy's opinion should not be so broadly read. The United States Magistrate found that there was a factual issue regarding whether the newly-named defendants had actual knowledge of the lawsuit within the three-year period, and permitted plaintiffs to amend their Complaint to replace the remaining John Doe defendants with the nine newly-added defendants. These nine defendants were not parties to this litigation until after the Magistrate's Order was entered, and plaintiffs had filed their Second Amended Complaint on August 28, 1985. Magistrate McCoy's Memorandum Opinion and Order cannot, therefore, be the law of the case as to these newly-added defendants. Instead, these defendants properly raised their statute of limitations defense in this motion for summary judgment.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The

---

1. This court need not reach defendants' other grounds for their motion for summary judg-

ment, because it finds that plaintiffs' claims are barred by the statute of limitations.

moving party must demonstrate entitlement beyond a reasonable doubt. *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33 (10th Cir.1975). Furthermore, the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir.1979). Nevertheless, "if it affirmatively appears from the pleadings, admissions or depositions, and affidavits, if any, that there is no genuine issue as to any material fact upon which the outcome of the litigation depends, the case is appropriate for disposition by summary judgment and the court should enter such judgment." *Broderick Wood Products Co. v. United States*, 195 F.2d 433, 436 (10th Cir.1952).

■ Defendants argue that there is no genuine issue of material fact and that they are entitled, as a matter of law, to summary judgment because plaintiffs' claims against them are barred by the statute of limitations. Plaintiffs argue that the Second Amended Complaint relates back to their original complaint and is, therefore, not barred by the three-year statute of limitations. The relation back of amendments to pleadings is governed by Fed.R.Civ.P. 15(c), which provides, in pertinent part, as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against

him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

All three elements of Rule 15(c) must be met, even when substituting known defendants for John Doe defendants. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1391 (10th Cir.1984). In this case, the first requirement of Rule 15(c) is satisfied. Substitution of the newly-named defendants for the John Doe defendants arises out of the same conduct or occurrence set forth in plaintiffs' original Complaint. *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980).

The second element of Rule 15(c) requires that parties to be added must have received notice within the period specified in the statute of limitations. The incident out of which this litigation arose occurred on December 31, 1981. The newly named defendants must, therefore, have received notice by December 31, 1984, under Rule 15(c)(1). Although notice need not be formal, *see* Fed.R.Civ.P. 15(c), advisory committee notes, notice of the incident out of which the litigation arose is insufficient. *Craig v. United States*, 413 F.2d 854, 858 (9th Cir.1969).

In this case, four of the newly-added defendants apparently knew of the institution of the litigation within the three-year statute of limitations period. *See* Affidavit of William P. Carroll, ¶ 2, Affidavit of Jim Clay, ¶ 2, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint;[2] Deposi-

---

**2.** The parties have incorporated by reference certain documents filed previously in this litigation, as well as any exhibits appended thereto. *See* Motion by Plaintiffs for Leave to File Second Amended Complaint, filed May 23, 1985; Memorandum in Support of Plaintiffs' Motion, filed May 23, 1985; Memorandum by Defendants in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, filed

June 5, 1985; Reply by Plaintiffs to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, filed June 18, 1985; Motion to Dismiss of Gray, Looker, Reynolds, Ciccotelli, Smith, Daniels, Clay, Devaney and Carroll, filed Sept. 19, 1985; Memorandum in Support of Defendants' Motion, filed Sept. 19, 1985; Memorandum by Plaintiffs in Opposition to Defendants' Motion

tion of Edward Looker, 21, Exhibit F, Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint; Affidavit of Carole Devaney ¶ 3, Memorandum in Support of Motion to Dismiss of Gray, Looker, Reynolds, Ciccotelli, Smith, Daniels, Clay, Devaney and Carroll. Because the purpose of the notice requirement is to minimize prejudice to the newly-added parties in defending on the merits, however, several courts have required that the newly-added parties receive notice of the litigation against *them* within the statute of limitations period. *See Wood v. Worachek, supra* at 1229–30; *Williams v. Ward*, 553 F.Supp. 1024, 1026 (W.D.N.Y.1983); *Stephens v. Balkamp, Inc.*, 70 F.R.D. 49, 50 (E.D.Tenn.1975). The newly-named defendants have submitted evidence that they did not know of the institution of litigation against them until shortly before their depositions in April, 1985. Affidavit of Dave Daniels, ¶ 3, Affidavit of Merle Reynolds, ¶ 3, Affidavit of David Smith, ¶ 3, Affidavit of Carole Devaney, ¶ 4, Affidavit of William P. Carroll, ¶ 4, Memorandum in Support of Motion to Dismiss of Gray, Looker, Reynolds, Ciccotelli, Smith, Daniels, Clay, Devaney and Carroll; Affidavit of Jim Clay, ¶ 2, Deposition of Clifford C. Gray, 55, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint; Deposition of Edward Looker, 21, Exhibit F, Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint; Deposition of Wayne Ciccotelli, 36, Memorandum in Support of Motion for Summary Judgment.

Actual notice, however, may not be required; constructive notice may be sufficient. *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir.1980). Furthermore, a judicial gloss on Rule 15(c)(1) concerning "identity of interest" provides that "the institution of the action serves as constructive notice of the action to the parties added after the limitation period expired, when the original and added parties are so closely related in

business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Hernandez Jiminez v. Calero Toledo*, 604 F.2d 99, 102–103 (1st Cir. 1979).

Plaintiffs argue that the newly-added defendants had an "identity of interest" with the original defendants because the newly-added defendants are represented by the same attorney who was representing the original defendants. Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, 8. Although the knowledge of their attorney may be imputed to the newly-added parties, *see Kirk v. Cronvich, supra*, at 408; *see also Williams v. Ward, supra*, at 1026, plaintiffs have adduced no evidence that the attorney for the original defendants knew that plaintiffs intended to add the particular individuals who became the newly-added defendants. Plaintiffs' argument would preclude a defense based on the statute of limitations whenever state Risk Management hires one law firm to defend state employees in specific litigation, and other state employees are subsequently added as defendants. The policies underlying statutes of limitations, i.e., repose, avoidance of undue surprise, permitting investigation and collection of evidence while it is fresh, *see Kirk v. Cronvich, supra*, at 408, would be undermined if an attorney's representation of original parties and newly-added parties were permitted, without more, to satisfied the notice requirement of Rule 15(c)(1).

Even if plaintiffs have shown the existence of a genuine issue of material fact as to satisfaction of the notice requirement, they have not satisfied the third requirement of Rule 15(c): that within the statute of limitations period the newly-added defendants knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. "The purpose

to Dismiss, filed October 15, 1985; Memorandum by Defendants in Reply to Plaintiffs' Mem-

orandum in Opposition to Defendants' Motion to Dismiss, filed October 28, 1985.

of Rule 15(c)(2) is to ensure that the joined defendant knew or should have known from the original complaint that its joinder in the action was a distinct possibility." *Larry v. Penn Truck Aids, Inc.*, 94 F.R.D. 708, 721 (E.D.Pa.1982). *See also Swann Oil, Inc. v. M/S Vassilis*, 91 F.R.D. 267, 269 (E.D.N.C.1981). The original complaint described the John Doe defendants as " 'either New Mexico State Police Officers, Luna County Deputy Sheriffs, City of Deming Police Officers, Dona Ana County Deputy Sheriffs or members of other law enforcement agencies of the State of New Mexico or its political subdivisions." Complaint, ¶ 10. The officers are later described as "officers who participated in the operation," and "subordinate law enforcement Defendants." *Id.* at ¶ 30.

As discussed above, only four of the newly-named defendants, Carole Devaney, William Carroll, Edward Looker, and Jim Clay, had any actual knowledge of the original Complaint within the three-year statute of limitations period. Defendants Devaney and Carroll were dispatchers for the Luna County Sheriff's Office and the New Mexico State Police, respectively. The original Complaint does not mention dispatchers. Therefore, although they may have known of the existence of the litigation during the three-year period, they could not reasonably have known that, but for a mistake concerning their identifies, the action would have been brought against them. Edward Looker, a police officer of the City of Deming Police Department, was asked about the incident when the City was notified of the suit, presumably when the original Complaint was filed. Deposition of Edward Looker, 21, Exhibit F, Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. He testified, however, that he didn't remember the incident. *Id.* Given his failure to recall the incident, he could not reasonably have known that, but for a mistake concerning his identity, the action would have been brought against him. Jim Clay, a Deputy Sheriff of the Luna County, New Mexico Sheriff's Office, was present when the original Complaint was brought to the Luna County Sheriff's Office, but didn't know what the officers were talking about. Deposition of Jim Clay, 15, Exhibit B, Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. He was not aware that he had been involved in the incident. Affidavit of Jim Clay, ¶ 2, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. Given his uncontradicted testimony, he could not reasonably have known that, but for a mistake concerning his identity, the action would have been brought against him.

Of the remaining newly-named defendants, three had left their employment as police officers with the City of Deming Police Department before plaintiffs' original Complaint was filed, and received no notification of the pendency of the action within the statute of limitations period. Affidavit of Dave Daniels, ¶ 3, Affidavit of Merle Reynolds, ¶ 3, Affidavit of David Smith, ¶ 3, Memorandum in Support of Motion to Dismiss of Gray, Looker, Reynolds, Ciccotelli, Smith, Daniels, Clay, Devaney and Carroll. The two remaining defendants testified that they did not hear about the case until after the limitations period had passed. Deposition of Wayne Ciccotelli, 14, 36, Memorandum in Support of Motion for Summary Judgment; Deposition of Clifford C. Gray, 55, Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint. These defendants could not reasonably have known that, but for a mistake concerning their identities, the action would have been brought against them.

Plaintiffs argue that the inclusion of John Doe defendants in the original Complaint put the newly-named defendants on notice that plaintiffs intended to add more defendants when their identities were disclosed. Plaintiffs also argue that the defendants' knowledge of their involvement in the underlying incident should be sufficient to put them on notice that they were the John Doe defendants. This argument

lacks merit. First, plaintiffs' argument assumes that the newly-named defendants had read the original Complaint. None of these defendants admits to having read the Complaint. Even if they had read the Complaint, however, plaintiffs have not brought forward evidence sufficient to create a genuine issue of material fact. As discussed above, the dispatcher defendants had no reason to know that plaintiffs intended to include dispatchers in their cause of action. As to the rest of the defendants, plaintiffs' broad description of the John Doe defendants in the original Complaint failed to put them on notice that they were intended to be included in the litigation. The newly-named defendants "could very well have believed that they were not named as parties in the original complaint for tactical reasons or because [plaintiffs] lacked evidence of their alleged participation[.]" *Hernandez Jiminez v. Calero Toledo, supra,* at 103. Given the vague description of the John Doe defendants in the original Complaint, the sworn testimony of all the newly-named defendants that they had no knowledge of the pendency of an action against them until 1985, after the statute of limitations had run, and the absence of any evidence contradicting defendants' testimony, there is no genuine issue of material fact tending to show that the newly-named defendants knew or reasonably should have known that, but for a mistake concerning their identifies, plaintiffs would have brought their action against them. Accordingly, the amended Complaint, joining defendants Jim Clay, Edward Looker, Clifford Gray, Dave Daniels, Wayne Ciccotelli, Merle Reynolds, David Smith, William Carroll and Carole Devaney, does not relate back to the original Complaint, and plaintiffs' Complaint against these defendants is barred by the three-year statute of limitations.

Now, Therefore,

IT IS BY THE COURT ORDERED that the motion for summary judgment by defendants Clay, Looker, Gray, Daniels, Ciccotelli, Reynolds, Smith, Carroll and Devaney is granted.

IT IS FURTHER ORDERED that plaintiffs' alternative Motion to Strike Defendants' Reply Brief in Support of Motion for Summary Judgment or to File Supplemental Brief is denied.