# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Carroll

v.

Charles E. Smith
Management, Inc., et al.

## Case No. (Law) 9480

By JUDGE ALFRED D. SWERSKY

September 16, 1986

The matter is before the Court on Defendant General Engineering Associates' Plea in Bar to Plaintiff's claim filed against them as a result of having been brought into this case as a Third Party Defendant. For the following reasons, the Plea must be sustained and the action dismissed as to this Defendant.

Plaintiff's cause of action accrued on February 18, 1983, when he incurred the injuries complained of. An action was timely filed against certain named defendants and 26 others designated as "John Does A-Z." The latter defendants were identified as "corporations or persons or entities whose true identities are at the present time unknown to the Plaintiff." Both the named and unnamed Defendants are alleged to have owned or managed the property or to have engaged in design, construction or maintenance of the area in which Plaintiff was injured. The action against the instant Defendant was filed on April 3, 1986, clearly beyond the two year Statute of Limitations as provided in Code of Virginia, Section 8.01-243(A).

However, Plaintiff maintains that the filing of the action as to the "John Does" tolls that statute and

that he is merely substituting this Defendant in place of "John Doe -- A" and, in the alternative, that he is correcting a misnomer.

Plaintiff asserts that Code of Virginia, Section 8.01-290, provides him with a basis for his allegation that he need not fully identify defendants. That statute does require a plaintiff to file "such salient facts as are calculated to identify with reasonable certainty such Defendant." Plaintiff's reliance is misplaced. The clear purpose of this statute is to require sufficient information about unknown defendants to assist in the service of process.

Further, it is clear that this is not a "misnomer" as provided in Section 8.01-6, Code of Virginia. A misnomer is a mistake in name, not in the identity of the person. *See Rockwell* v. *Allman,* 211 Va. 560 (1971). Here, this is no mistake; the defendants were not known.

Likewise, Plaintiff can find no solace in Rule 3:3 of the Rules of Court. Nothing in that Rule permits the filing of "John Doe" actions. In fact, the Rule requires the names of the defendants and states that 8.01-290 can be complied with by furnishing "the address or other data after the name of each defendant." Since the Rule contemplates a named party, Plaintiff's exercise of due diligence to identify the potential defendants could not invoke the provision of Rule 3:3 permitting service of process more than one year after filing where due diligence was exercised to have timely service made.

Absent a statutory or other express basis for the filing of "John Doe" actions in Virginia, the Court finds that the statute of limitations has expired as to the Defendant General Engineering Associates and the Plea in Bar must be sustained.

### November 6, 1986

This matter is before the Court on the Motion of Defendant Weihe, Black, Jefferies, Strassman and Dove for Summary Judgment based upon the expiration of the five-year term as provided in Code of Virginia, Section 8.01-250. The Motion must be denied.

It is clear from a review of the file, the exhibits and the memoranda of counsel that material facts are in dispute. Therefore, summary judgment will be denied

without prejudice to the rights of this Defendant to assert the Statute of Limitations as a defense at trial or some other appropriate time.