236

# CIRCUIT COURT OF FAIRFAX COUNTY

Conley

v.

Michael W. Bishop

November 15, 1993

Case No. (Law) 122600

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on Defendant's Plea in Bar to the Statute of Limitations. After hearing oral argument, the Court took this matter under advisement. The Court has now had the opportunity to review the authorities submitted during argument. For the reasons set forth below, the Plea in Bar is sustained and this action is dismissed.

This lawsuit arises out of a dog-biting incident which occurred on January 29, 1990. Plaintiff initially filed suit for personal injuries in Fairfax Circuit Court on December 31, 1991, against the Fairfax County Board of Supervisors, Colonel John E. Granfield, Lieutenant Grant Trouton and John Doe, an unknown police officer of the Fairfax County Police Department. *Conley v. Board of Supervisors for Fairfax County, Virginia, et al.*, At Law No. 111484. On November 6, 1992, a voluntary nonsuit as to all the defendants except for the unnamed police officer was granted. A motion to amend to correct misnomer substituting the name of Officer Michael W. Bishop for that of John Doe was granted by the court on December 15, 1992. The Plaintiff then suffered a nonsuit as to the balance of the case on December 28, 1992. Plaintiff filed the instant action on March 24, 1993, *Conley v. Bishop*, At Law No. 122600, naming Bishop as the sole defendant.

Plaintiff's cause of action accrued in January 1990, when the injuries are alleged to have occurred. The instant action was not filed until March 24, 1993, clearly beyond the two year limitations period as provided in Code of Virginia, § 8.01–243(A). Thus, the issue whether naming a fictitious "John Doe" defendant is sufficient to suspend the

running statute of limitations at the time of the original filing is dispositive as to whether the plaintiff may proceed in this matter.

Plaintiff argues that the filing of the action in December 1991, naming a John Doe police officer, had the effect of tolling the limitations period based upon misnomer. There is, however, no authority in Virginia for such a proposition. Absent a statutory or other express basis for a tolling provision upon the filing of actions naming "John Doe" defendants in Virginia, the Court finds that the statute of limitations has expired as to Bishop.

Neither the Virginia legislature nor the Virginia Supreme Court have provided a procedural mechanism for tolling the statute of limitations for "John Doe" actions under the circumstances of the instant case. The only explicit statutory authority for "John Doe" pleading in Virginia is in the context of uninsured motorist cases. Va. Code § 38.2–2206(E). The case at hand did not involve automobiles and accordingly is not within the purview of the statute. Further, Rule 3:3 of the Virginia Rules of the Supreme Court makes no specific provision for "John Doe" pleading. That rule contemplates a named party, and Plaintiff's exercise of due diligence to identify the potential defendants does not invoke the provision permitting service of process more than one year after filing. *See Carroll v. Smith*, 8 Va. Cir. 222, 223 (1986).

Other courts considering "relation back" under Virginia's misnomer statute have held that "John Doe" pleadings do not relate back to the time of the original filing. The Western District Court of Virginia has held that naming fictitious "John Doe" defendants in a complaint amounts to a change of parties. *Bruce v. Smith*, 581 F. Supp. 902, 905 (W.D. Va. 1984). In that case, the court did not permit an amendment substituting the real names for "[u]nknown [o]fficers of the Danville Sheriff's Department" beyond the limitations period.

The court in *Bruce* cited *Sassi v. Breier*, 76 F.R.D. 487, 490 (E.D. Wis. 1977), to explain its rationale:

> While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications. To allow a plaintiff to name a "John Doe" defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations. A

plaintiff could automatically include a "John Doe" defendant in every action and thereby totally circumvent any limitation provision.

581 F. Supp. at 908.

Likewise, the Alexandria Circuit Court in *Carroll v. Smith*, 8 Va. Cir. 222 (1986), held that substituting the real name for a "John Doe" defendant does not fall within the ambit of Virginia's misnomer provision. The court reasoned that the amendment is not to correct a mistake in name but in the identity of the person, and misnomer is not appropriate for mistake in the identity of the person. *See Rockwell v. Allman*, 211 Va. 560 (1971).

In the case at hand, like the circumstances in *Bruce* and *Carroll*, the plaintiff was not harboring a mistake about the identity of the proper party; the identity simply was not known. The Court finds the reasoning in *Bruce* and *Carroll* to be persuasive.

The plaintiff further argued that sufficient notice was provided because the Fairfax County Attorney was alerted that an action had been brought against a Fairfax police officer based upon the factual circumstances described. Just as the court in *Carroll v. Smith* found insufficient for identification the allegations describing the building owners where plaintiff was injured, so too is there insufficient information to provide notice in the case at hand. In addition, the plaintiff's reliance on *Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957), to support relation back to the time of the original filing in circumstances of misnomer is misplaced. Unlike the circumstances in *Jacobson*, where the court allowed amendment and "relation back" because the correct defendant previously appeared and participated in the proceedings, Bishop did not receive notice and did not participate until after the period of limitations had expired.

In light of the foregoing, the Plea in Bar is sustained.