# CIRCUIT COURT OF THE CITY OF NORFOLK

Daniel Williams

v.

John Doe
Police Officers

January 14, 1999

Case No. (Law) L98-2920

BY JUDGE MARC JACOBSON

Plaintiff Daniel Williams, by counsel, filed a subpoena *duces tecum* to and upon Melvin C. High, Chief of Police for the City of Norfolk, requesting that Chief of Police High produce at the offices of Parker, Pollard & Brown the following documents:

> Information, reports, offense records and dispatch records regarding a criminal investigation and/or arrests which occurred on February 6, 1997, around 12:00 noon to 4:00 p.m. on or about 429 24th Street in the City of Norfolk, Virginia, and all records reflecting the identity of the police officers and/or swat team members who participated in said investigation and/or arrests.

A Motion to Quash Subpoena *Duces Tecum* was filed by the City of Norfolk. Plaintiff, by counsel, has filed a Motion to Compel Compliance with Subpoena *Duces Tecum*. The matter comes before the Court on the respective Motions to Quash and Compel.

Plaintiff has sued "John Doe Police Officers," indicating in his Motion for Judgment that "John Doe Police Officers, were police officers and/or employees for the City of Norfolk, Virginia, and were working and acting within the scope of their employment as police officers for the City of Norfolk,

Virginia." In argument, counsel for the Plaintiff indicated that the Plaintiff did not know the names of the "John Doe Police Officers" referred to in the Motion for Judgment, necessitating the use of the "John Doe" designation.

In Virginia, there is no statutory basis for "John Doe" actions other than Code § 38.2-2206, which applies exclusively to certain actions involving uninsured motorists. The Virginia legislature has not spoken to nor provided a statutory basis for further or other "John Doe" actions. A number of cases have been cited and/or provided by the attorney for the City of Norfolk, most of which relate to naming a party or persons specifically, previously identified as "John Doe," after the statute of limitations has expired. While such cases are not necessarily analogous to the case in hand inasmuch as the statute of limitations, at this time, has not expired, reference is made to the case of *Sassi v. Breier*, 76 F.R.D. 487, 490 (E.D. Wis. 1977), which states as follows:

> While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications. To allow a plaintiff to name a "John Doe" defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations. A plaintiff could automatically include a "John Doe" defendant in every action and thereby totally circumvent any limitation provision.

In the instant case Plaintiff has a two year statutory period to locate and/or identify the police officer(s) he designates as "John Doe."

Technically, counsel for the City of Norfolk is correct in that the Plaintiff has not complied with Rule 4:9(c) of the Rules of the Supreme Court of Virginia in that counsel for the Plaintiff has not and cannot certify that "a copy thereof has been mailed or delivered to counsel of record and to parties having no counsel." At this juncture of the proceedings, mailing of a copy of the Request for a Subpoena *Duces Tecum* (letter dated December 3, 1998, to Albert Teich, Jr., Clerk, Norfolk Circuit Court) to "Harold P. Juren" does not constitute mailing or delivering to a counsel of record or to parties having no counsel.

The Court concludes and finds that the Defendants "John Doe Police Officers" are not properly designated nor proper defendants and, accordingly, the Motion to Quash Subpoena *Duces Tecum* filed by the City of Norfolk on behalf of Chief of Police High is granted. Should Plaintiff be so advised, leave

54

is granted unto Plaintiff to amend his Motion for Judgment to name such party or parties as defendants as Plaintiff determines or take such further action as he may deem appropriate within twenty-one days from even date.