Present:  Carrico, C.J., Lacy, Hassell, Koontz, Kinser, and
Lemons, JJ., and Stephenson, S.J.


AMERICA ONLINE, INC.
                                    OPINION BY
v.  Record No. 012761     JUSTICE LAWRENCE L. KOONTZ, JR.
                                  November 1, 2002
NAM TAI ELECTRONICS, INC.


             FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                      Thomas D. Horne, Judge


     In this appeal and in the context of the Uniform Foreign

Depositions Act, Code § 8.01-411 through –412.1 (UFDA), we

consider whether a Virginia trial court properly applied

principles of comity in refusing to quash a subpoena duces tecum

obtained under a commission for out-of-state discovery issued by

a California trial court.

                            BACKGROUND

     On January 26, 2001, Nam Tai Electronics, Inc. (Nam Tai)

filed a complaint in the Superior Court of the State of

California for the County of Los Angeles (the California court)

against fifty-one unknown individuals alleging libel, trade

libel, and violations of California Business and Professions

Code Section 17000 et seq. (California's unfair business

practices statutes).  In summary, Nam Tai alleged that the

unknown individuals had posted "false, defamatory, and otherwise

unlawful messages" on an Internet message board devoted to discussion of Nam Tai's publicly traded stock.

The message board was maintained by Yahoo! Inc. (Yahoo), an Internet services company located in California. The message board was available to be viewed by any Internet user. However, in order to post a message an Internet user must first establish a Yahoo account, for which the company does not charge a fee, and create a "login name," which is subsequently used to identify the user when posting messages on the service. In its complaint, Nam Tai identified one of the unknown defendants by the Yahoo login name "scovey2." Attached to the complaint was a printout of a single message posted by "scovey2" to the message board devoted to Nam Tai's stock. Dated as having been posted on January 8, 2001 at 10:03 p.m. Eastern Standard Time, the message was titled "sinking again," and read as follows:

> Sinking is not a province in China but an observation of this company's stock market performance. This low tech crap that they produce is in an extremely competitive and low profitability industry. I see see-sawing of the stock with no real direction. (See-sawing is also not a province.)

Nam Tai alleged that this message "among others" posted by "scovey2" was part of a concerted effort by the unknown defendants to defame Nam Tai in order to discourage investors from purchasing or holding stock in Nam Tai. Nam Tai further alleged, in part, that the defendants' intent was to "interfere

with [Nam Tai's] relationship with its shareholders and the general public and to manipulate the price of Nam Tai stock to their advantage."  It further alleged that the acts of the defendants "constitute unlawful, unfair, and deceptive business practices against [Nam Tai] . . . in violation of" California's unfair business practices statutes.  Nam Tai sought both compensatory and punitive monetary damages and injunctive relief.[1]

Following the filing of the complaint, Nam Tai obtained a subpoena duces tecum in California directing Yahoo to disclose its subscriber data on "scovey2."[2]  Based on the information subsequently disclosed by Yahoo, Nam Tai was able to determine that "scovey2" obtained his Internet access through America Online, Inc. (AOL), an online services company that also serves as a portal site to the Internet.  Specifically, Yahoo disclosed

---

[1] Because no defendant was identified with specificity, Nam Tai's complaint has not been served on any party, and all the proceedings in the California court have occurred ex parte.

[2] Although Yahoo requires its users to provide certain personal information when registering, it does not attempt to verify the accuracy of the information provided.  Yahoo discloses in a privacy statement that it will "respond to subpoenas, court orders, or legal process" requiring it to disclose registration and usage information.

the Internet protocol (IP) address[3] used by "scovey2" to access

Yahoo's Nam Tai message board on January 8, 2001 and the

"alternate email address" given by "scovey2" when registering

for a Yahoo login name.  The Internet protocol address recorded

when "scovey2" posted the January 8, 2001 message was

"152.163.194.186," which is registered to AOL.  The alternate

email address "scovey2" supplied to Yahoo was "scovey@aol.com."

Nam Tai obtained a commission for out-of-state discovery

from the California court to depose AOL's custodian of records.

AOL's principal corporate offices are located in Loudoun County

and, accordingly, the commission was directed to a registered

court reporting service authorized to take depositions within

Virginia.  On March 19, 2001, Virginia counsel for Nam Tai filed

a praecipe in the Circuit Court of Loudoun County (the trial

court) for a foreign subpoena duces tecum.  On the same date,

the clerk of the trial court issued the subpoena directing AOL's

custodian of records to produce, among other things, records

---

[3] An IP address is a string of four integer numbers between
0 and 255 separated by periods that identifies the location of a
specific computer connected to the Internet.  While many
Internet connections are permanent and, thus, are assigned fixed
IP addresses, the IP address assigned to a personal computer
accessing the Internet through a portal site is drawn from a
pool of open addresses and identifies that computer only during
the time that computer is connected to the Internet.

related to the opening of the account assigned the email address "scovey@aol.com" and "[d]ocuments sufficient to identify the AOL customer or subscriber . . . assigned the AOL Internet Protocol Address 152.163.194.186 . . . on January 8, 2001, at 10:03 PM EST."

On April 17, 2001, AOL filed a motion to quash Nam Tai's subpoena duces tecum. In that pleading, AOL acknowledged that counsel for Nam Tai had provided it with a copy of a second message, posted by "scovey2" on June 3, 1999, which criticized the company's stock trading practices and accused Nam Tai's president of "manipulat[ing] the stock [of] this and other smaller companies."[4] AOL contended that it should not be required to reveal subscriber information because this would "infringe on the well-established First Amendment right to speak anonymously," and that Nam Tai could not meet the heightened scrutiny required to overcome that right. AOL further contended that the First Amendment protection applied to all claims made in Nam Tai's California complaint, including the statutory unfair business practices claim.

---

[4] As AOL noted, this message was not set forth, referenced in, or attached to Nam Tai's complaint. On appeal, Nam Tai assigns cross-error to the trial court's failure to consider this message in ruling on AOL's motion to quash.

On April 27, 2001, Nam Tai filed a brief opposing AOL's motion to quash. Nam Tai contended that AOL was seeking a review of both the procedural process already approved by the California court and a substantive review of the merits of the underlying cause of action stated in the California complaint. Nam Tai asserted that principles of comity required the trial court to give deference to the procedures used in obtaining the commission from the California court. Nam Tai further asserted that "scovey2" had been notified by AOL of the subpoena, but had not joined in the motion to quash. Thus, Nam Tai contended that AOL did not have standing to challenge the merits of the underlying claim.

On May 1, 2001, AOL filed a reply to Nam Tai's brief opposing AOL's motion to quash. AOL contended that Nam Tai had not met the criteria for applying principles of comity because Nam Tai could not show that its California complaint stated a viable cause of action. AOL further contended that the absence of the real party in interest did not deprive AOL of standing to challenge the underlying merits of the case because the notice

to "scovey2" was informal and that "scovey2" might have elected not to join the motion for strategic or economic reasons.[5]

Following a hearing on May 4, 2001, the trial court, relying on America Online, Inc. v. Anonymous Publicly Traded Co., 261 Va. 350, 542 S.E.2d 377 (2001) (hereinafter AOL v. APTC), determined that before enforcing Nam Tai's subpoena it was required to "determine whether comity should be granted to the California court's Order and, if not, whether the subpoena should nevertheless be enforced in light of the merits of Nam Tai's underlying California law-based claims."  Having determined that it could not address either issue "without further guidance from the California court," the trial court entered a protective order barring the discovery until it had received and reviewed "guidance from the California court . . . with respect to the procedural and substantive law applicable to the California court's Order."

Responding to the trial court's request for guidance, the California court made the following findings in an order dated

_____

[5] Subsequent to the proceedings in the trial court, the General Assembly enacted Code § 8.01-407.1, which, effective July 1, 2002, set procedures governing the right of an anonymous Internet user to receive notice of discovery directed at seeking his identity and providing the method for the user to oppose that discovery.  Neither party asserts that this statute impacts the issues raised in this appeal.

June 22, 2001 clarifying the commission for out-of-state discovery:

1. That Nam Tai has alleged sufficient facts in its complaint, under California law, for libel, trade libel and for injunctive relief under California Business and Professions Code Section 17200, such that Nam Tai is entitled under California law to conduct discovery to identify the anonymous defendant in this matter notwithstanding the First Amendment privacy concerns raised in AOL's motion to quash.

2. That, under the facts and circumstances of this case, the First Amendment privacy concerns of the anonymous defendant are outweighed by the State of California's interest in the ability of its litigants to conduct out-of-state discovery.

3. This Court reaffirms its March 15, 2001, Order for the issuance of a commission for out-of-state discovery notwithstanding the concerns raised in AOL's motion to quash related to the First Amendment privacy rights of the anonymous defendant and the sufficiency of the allegations in Nam Tai's complaint.

In making these findings, the California court apparently reviewed the briefs and arguments made in the trial court as previously recited herein. Accordingly, the California court was aware of, and may have considered, the content of the June 3, 1999 message, although the content of that message and allegations related to it had not been included in Nam Tai's complaint.

Following a subsequent teleconference, during which the parties stated arguments that essentially parallel the positions asserted in this appeal, the trial court issued an opinion

8

letter dated August 7, 2001.  Applying the standards enunciated in AOL v. APTC, the trial court first concluded that "[n]either of the defamation claims would withstand demurrer if filed in Virginia."  Thus, the trial court concluded that comity did not require enforcement of the subpoena as to those claims because "it would facilitate process not otherwise available to litigants in the Commonwealth."  In reaching this conclusion, the trial court focused solely on the January 8, 2001 message and did not consider the alleged defamatory content of the June 3, 1999 message.

The trial court determined, however, that the statutory unfair business practices claim stated in the California complaint "is not offensive to the public policy of Virginia and states a claim predicated upon an alleged malicious interference with the operation of [Nam Tai's] business."  Relying on Chaves v. Johnson, 230 Va. 112, 122, 335 S.E.2d 97, 103 (1985), the trial court concluded that the First Amendment concerns expressed by AOL were not applicable to this claim.  Based upon this reasoning, in an order dated September 11, 2001, the trial court denied AOL's motion to quash, lifted the protective order previously entered, and directed AOL to comply with the subpoena duces tecum.  We awarded AOL this appeal and accepted assignments of cross-error raised by Nam Tai.

9

"We review the trial court's refusal to quash the issuance of a subpoena duces tecum . . . under an abuse of discretion standard." AOL v. APTC, 261 Va. at 359, 542 S.E.2d at 382; see also O'Brian v. Langley School, 256 Va. 547, 552, 507 S.E.2d 363, 366 (1998).

The issues of comity central to this appeal arise from the trial court's application of the UFDA. Relevant to those issues, Code § 8.01-411 provides that:

> Whenever any mandate, writ or commission is issued out of any court of record in any other state . . . witnesses may be compelled to appear and testify and to produce and permit inspection or copying of documents in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony or producing documents in proceedings pending in this Commonwealth.

Code § 8.01-412 requires that "[t]he privilege extended to persons in other states by § 8.01-411 shall only apply to those states which extended the same privilege to persons in this Commonwealth." Although California has repealed its version of the UFDA, it has enacted California Code of Civil Procedure Section 2029, which provides for the same privileges to out-of-state parties as does the UFDA. Accordingly, we hold that California is a reciprocal state for purposes of applying the UFDA in Virginia to a commission for out-of-state discovery from a court of that state. See Smith v. Givens, 223 Va. 455, 460,

290 S.E.2d 844, 847 (1982) (recognizing UFDA reciprocal status of Indiana based upon equivalent process available under Indiana Trial Procedure Rule 28(E)).

In AOL v. APTC, we recognized "the importance of comity as a guiding principle in the relationship between sovereigns and as a tool of judicial economy." 261 Va. at 361, 542 S.E.2d at 383. Nonetheless, comity has its limitations and will not be "given effect when to do so would prejudice [Virginia's] own rights or the rights of its citizens." McFarland v. McFarland, 179 Va. 418, 430, 19 S.E.2d 77, 83 (1942).

Drawing on our prior case law examining questions of comity, we have stated the principles that must be considered by the trial court before affording comity to an order of a foreign court. First, the foreign court must have personal and subject matter jurisdiction to enforce its order within its own judicatory domain. Second, the procedural and substantive law applied by the foreign court must be reasonably comparable to that of Virginia. Third, the foreign court's order must not have been falsely or fraudulently obtained. And, fourth, enforcement of the foreign court's order must not be contrary to the public policy of Virginia, or prejudice the rights of Virginia or her citizens. See AOL v. APTC, 261 Va. at 361, 542 S.E.2d at 383, and cases cited therein. Guided by these principles in the present case, we will address seriatim each of

the "numerous deficiencies" in the California court's commission alleged by AOL.

Initially, we note that AOL does not contest the subject matter jurisdiction of the California court over the claims asserted in Nam Tai's lawsuit.  Rather, AOL first contends that the California court did not have "jurisdiction over any party other than Nam Tai itself."  Nam Tai responds that California law permits the filing of a "John Doe" lawsuit against an unknown defendant pending discovery of the defendant's identity and the appropriate amendment of the pleading.[6]  See California Code of Civil Procedure Section 474.

In AOL v. APTC, we observed that where, as here, an action is filed against unknown parties, "it is uncertain whether personal jurisdiction may be obtained over any of the anonymous defendants."  261 Va. at 361, 542 Va. at 383.  We recognize, however, that it is not uncommon for a plaintiff to use the "John Doe" pleading style to initiate a lawsuit against a defendant whose identity is unknown at the time the lawsuit is

---

[6] Nam Tai also asserts that AOL did not raise this specific argument in the trial court and, thus, it should not be considered for the first time on appeal.  Rule 5:25.  However, for purposes of this appeal, we will assume, without deciding, that AOL's arguments in the trial court opposing the subpoena duces tecum were sufficiently broad to challenge the trial court's entire analysis of the request for comity.

12

filed for the purpose of subsequently using discovery to learn the identity of the defendant so that proper service of process on the defendant can be obtained. See Code § 8.01-290. Accordingly, for the purpose of determining whether to afford comity to the California court's commission, we need not be concerned with whether that court will ultimately be able to exercise personal jurisdiction over the unidentified defendant in this case.[7] Rather, because the procedural requirements for maintaining suits against unknown defendants in California are reasonably comparable to those in Virginia in the context of the present case, we hold that comity is not barred on that ground.[8]

---

[7] AOL notes on brief that in Nam Tai Electronics, Inc. v. Titzer, the California Court of Appeals has ruled that personal jurisdiction could not be had over an out-of-state defendant, originally named as a "John Doe," where that defendant lacked sufficient contacts with California. 113 Cal. Rptr. 2d 769, 774-76 (Cal. Ct. App. 2001). Because the identity of "scovey2" has not been clearly established and no factual determinations concerning his contacts with California have been made, it is not possible to determine at this time whether the rationale of Titzer would be applicable to the present case.

[8] AOL also contends that the California court lacks personal jurisdiction over AOL. However, we need not consider whether California's long-arm statute would permit it to exercise jurisdiction over AOL on the facts of this case for the obvious reason that AOL is not being subjected to the personal jurisdiction of the California court, but to that of the trial court under the UFDA. Indeed, it is self-evident that the UFDA and its equivalent in California exist principally to permit the courts of foreign jurisdictions, through comity, to extend the

AOL next contends that the ex parte proceedings in the California court resulted in "a superficial or abstract judgment" that "was not the product of a full-fledged, adversarial consideration of the First Amendment issues at the core of this matter." Thus, AOL asserts that "[t]hese are plainly not the circumstances in which a Virginia court should defer to the findings of a foreign court." AOL does not contend that the California court's commission was obtained falsely or fraudulently, but only that, due to the ex parte nature of the proceedings, "there is no indication that the California court devoted any substantive attention" to the issues.

Unlike AOL v. APTC, where no clarifying order was requested by the Virginia trial court, 261 Va. at 356, 542 S.E.2d at 381, the record here supports the conclusion that, upon application for the clarifying order, the California court undertook a review of the record developed in Virginia and issued its order thereon after reasoned consideration of the First Amendment issues asserted by AOL in its pleadings filed in the trial court. Moreover, it is clear that the trial court did not arbitrarily defer to the California court, as AOL implies, but

reach of their discovery proceedings to third parties not immediately within their jurisdiction.

14

undertook its own analysis of the issues with respect to their viability under the law of Virginia, and in doing so gave proper consideration to the adversarial proceedings before it. Under these circumstances, we find no abuse of discretion by the trial court in accepting those elements of the California court's clarifying order which supported the ultimate determination to grant comity based on one of the three claims approved by the California court.

AOL next contends that the California court did not properly apply the substantive law of California in ruling that First Amendment concerns did not apply to the alleged violation of California Business and Professions Code Section 17200. AOL premises its contention that the California court misapplied California law by citing a series of cases beginning with Blatty v. New York Times Co., 728 P.2d 1177 (Cal. 1986), where the state and federal courts in California have rejected attempts to bring non-defamation tort actions where the "gravamen [of the underlying action] is the alleged injurious falsehood of a statement," and, where the statement in question qualified as protected speech under the First Amendment. Id. at 1180.

It is not, however, the role of the Virginia courts when asked to afford comity to an order of a court of a foreign jurisdiction to act as surrogates for the appellate courts of that jurisdiction. We presume that the foreign court is in a

better position than the Virginia courts to determine the substantive law of its jurisdiction and, thus, afford a high degree of deference to its judgment in such matters. Such deference is particularly appropriate where, as here, the foreign court enters a clarifying order specifically addressing the substantive law of its judicatory domain upon which the proceedings there are premised. The determination whether to grant comity to such an order is not a matter of the ultimate viability of the underlying claim in the foreign jurisdiction but, rather, whether the substantive law of the foreign jurisdiction as addressed and expressed by the foreign court in its clarifying order is "in terms of moral standards, societal values, personal rights, and public policy . . . reasonably comparable to that of Virginia."[9] Oehl v. Oehl, 221 Va. 618, 623, 272 S.E.2d 441, 444 (1980).

Finally, AOL contends that the trial court erred in determining that the law applied by the California court with

_____

[9] We do not mean to suggest, however, that deference should be given to the judgment of a foreign court that is plainly wrong. Because the scope of California's unfair business practices statutes is broad and the authority for a California trial court to determine whether a cause of action falls within its scope is equally broad, Kasky v. Nike, Inc., 45 P.3d 243, 249 (Cal. 2002), we cannot say that the California court in the present case was plainly wrong in determining that Nam Tai had stated a cause of action pursuant to that statutory scheme.

respect to Nam Tai's statutory unfair business practices claim is reasonably comparable to the law of Virginia. AOL premises this contention upon the assertion that the trial court's reliance on Chaves was misplaced. AOL specifically asserts that Chaves has been called into question by the United States Supreme Court's holding in Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 56 (1988), that First Amendment protections apply even though a suit alleging an injurious publication is filed under a theory of intentional infliction of emotional distress rather than defamation.

In Chaves, we stated that:

> The tort complained of here is an intentional wrong to the property rights of another, accomplished by words, not defamatory in themselves, but employed in pursuance of a scheme designed wrongfully to enrich the speaker at the expense of the victim. The law provides a remedy in such cases, and the constitutional guarantees of free speech afford no more protection to the speaker than they do to any other tortfeasor who employs words to commit a criminal or a civil wrong.

230 Va. at 122, 335 S.E.2d at 103.

Unquestionably, since the Hustler Magazine decision, some courts have sustained challenges to tort litigation on the ground that the plaintiff was seeking to "avoid the protection afforded by the Constitution . . . merely by the use of creative pleading." Beverly Hills Foodland, Inc. v. United Food & Commercial Workers Union, 39 F.3d 191, 196 (8th Cir. 1994)

17

(claim that union tortiously interfered with employer's right to contract was subject to First Amendment considerations). However, in Maximus, Inc. v. Lockheed Information Management Systems Co., 254 Va. 408, 412, 493 S.E.2d 375, 377 (1997), a decision rendered after Hustler Magazine, we acknowledged "the similarity . . . [of] the defamation law construct to business torts" noted in Chaves, but declined to extend First Amendment protections to a tortious interference with a contract expectancy cause of action.

The First Amendment concerns applicable to the law of California considered by the California court in this case are the same concerns applicable to the law of Virginia. Those concerns remain to be ultimately determined in the California courts rather than in the Virginia courts. Given that the holding in the Maximus case clearly supports the proposition that Chaves is sound precedent, we cannot say that the trial court erred in determining that Nam Tai's statutory cause of action for unfair business practices under California law is reasonably comparable to the law of Virginia and is not repugnant to the public policy of Virginia. Accordingly, we hold that the trial court did not abuse its discretion in concluding that the California court's commission for out-of-state discovery was entitled to comity and, thus, properly

18

denied AOL's motion to quash the subpoena duces tecum issued in support of that commission.

CONCLUSION

For these reasons, we will affirm the judgment of the trial court enforcing the California court's commission for discovery of AOL's records regarding "scovey2."[10]

Affirmed.

---

[10] Having resolved the issues raised by AOL in favor of Nam Tai, we need not consider the assignments of cross-error raised by Nam Tai in this appeal.