## CIRCUIT COURT OF THE CITY OF ROANOKE

Kovatch Mobile Equipment Corp.

    v.

Frederick County, Md.,
Maintenance Department
and Frederick County, Md.,
Board of Commissioners et al.

May 8, 2003

Case No. CL02-607

BY JUDGE CHARLES N. DORSEY

This matter came on upon the demurrers and pleas for sovereign immunity filed by the defendants.

*Factual Background*

The plaintiff, Kovatch Mobile Equipment Corporation, d/b/a KME Fire Apparatus, ("KME"), filed a motion for judgment against Frederick County Department of Fire and Rescue Services, Frederick County Maintenance Department, Frederick County Board of Commissioners, The Independent Hose Company of Frederick, d/b/a Independent Hose Company # 1, and John Does, individually and/or as Frederick County Employees. In summary, the motion for judgment alleges that a Grumman fire truck belonging to Frederick County, Maryland, was sent to KME's facility in the City of Roanoke for renewal of its UL certification. Shortly thereafter the Grumman fire truck allegedly became a source of ignition and started a fire inside KME's building resulting in property damage. The motion for judgment further alleges that the defendants negligently made improper modifications to the truck's battery system, resulting in the fire.

## I. *Pleas of Sovereign Immunity*

The parties agree that under Virginia's choice of law rules, the substantive law governing tort claims is "the law of the place of the wrong." *McMillan v. McMillan*, 219 Va. 1127, 1128, 253 S.E.2d 662, 663 (1979). The alleged tort having taken place in Maryland, the substantive law of Maryland applies.[1] As is mentioned in Maryland case law, the distinctions between sovereign immunity, governmental immunity, and municipal immunity have been largely blurred and the terms may be used interchangeably. *Burns v. Mayor of Rockville*, 525 A.2d 255 (Md. Ct. Spec. App. 1987). For the pleas of sovereign immunity, then, Maryland case law and statutes must be reviewed.

### (A) *Maryland Case Law*

The doctrine that the State of Maryland and state agencies are generally immune from suits, unless the immunity has been waived by the General Assembly, "is firmly imbedded in the law of Maryland." On the other hand, counties and municipalities do not possess this general immunity. Instead, counties and municipalities have never been given immunity in contract actions and, in tort actions, they are not immune with regard to those matters categorized as "proprietary" but are immune with regard to those matters categorized as "governmental." *Id.* at 297 (citations omitted).

Similarly, Maryland courts have held, "Counties are shielded from tort liability for governmental actions unless the General Assembly has specifically waived the immunity of the municipality." *Williams v. Prince Georges County, Md.*, 685 A.2d 884, 898 (Md. Ct. Spec. App. 1996) (finding that even the Local Government Tort Claims Act does not constitute waiver when a locality is sued in its own capacity). No party contends that the General Assembly has specifically waived immunity in this case.

Consequently, I must first determine whether the actions alleged are governmental or proprietary. While it may seem axiomatic that fire suppression is a governmental function, Maryland case law makes clear that:

---

[1] The procedural and remedial law of Virginia, of course, likewise applies inasmuch as the action is being maintained in Virginia. *See Willard v. Aetna Cas. & Sur. Co.*, 213 Va. 481, 193 S.E.2d 776 (1973).

> In performing those duties which are imposed upon the state as obligations of sovereignty, such as protection from crime, or fires ... or preserving the peace and health of citizens and protecting their property, it is settled that the function is governmental, and if the municipality undertakes the performance of those functions, whether voluntarily or by legislative imposition, the municipality becomes an arm of sovereignty and a governmental agency and is entitled to that immunity from liability which is enjoyed by the state itself.

*Burns v. Mayor of Rockville*, 525 A.2d at 261 (citations omitted).

To put it more bluntly, "fire fighting is a governmental function." *Utica Mut. Ins. Co. v. Gaithersburg-Washington Grove Fire Dep't, Inc.*, 455 A.2d 987, 991 (Md. Ct. Spec. App. 1983). It follows then that the counties here enjoy governmental immunity.

### (B) *Statutory Immunity*

Maryland law also provides in Code § 5-604, under section (a), that: "notwithstanding any other provision of law, except for any willful or grossly negligent act, a fire company or rescue company, and the personnel of a fire company or rescue company, are immune from civil liability for any act or omission in the course of performing their duties."

In construing Maryland Code § 5-604, the Court of Appeals of Maryland held that, "the breadth of § 5-604 cannot be questioned. ... Interpreting § 5-604 broadly is neither unreasonable nor illogical, nor a failure to bring common sense to the construction of the statute." *Mayor of Baltimore v. Chase*, 360 Md. 121, 756 A.2d 987, 993-94 (2000). Without need of construing the statute "broadly," the statute on its face makes it clear that, with the exception of willful or grossly negligent action, immunity attaches to the fire company and its personnel for civil liability for "any act or omission" which occurs "in the course of performing their duties." *See id.* at 993. There is no allegation in the motion for judgment of willful or grossly negligent conduct. Modifications, alterations, maintenance, or otherwise made on a fire truck's battery system, drive system, engine, or otherwise are all clearly included within the potential duties of a fire department, particularly if a broad construction is applied.

Consequently, the plea of governmental immunity as to the Frederick County Department of Fire and Rescue Services, the Frederick County Maintenance Department, and the Frederick County Board of Commissioners is sustained.

## II. *Demurrer*

For the reasons stated, and in light of the ruling on the plea of governmental immunity, there is no need to address the demurrers of the defendants as to whom the plea of governmental immunity has been sustained. As to the remaining two defendants, John Does and The Independent Hose Company, however, the demurrers must be addressed.

As to the John Doe defendants, plaintiff concedes that the specific form of pleading, being a procedural issue, calls for the application of Virginia law. Pl's Br. in Opp'n to Def's Dem. and Pleas of Sovereign Immunity at 4. The plaintiff maintains that, though it does not know the exact identity of persons who altered the battery system on the fire truck, nor can it identify the specific entities for whom such persons work, nor can it say whether those persons were acting within the scope of their employment, all of this "must be resolved through further discovery." Pl's Br. in Opp'n at 7. Taking this position, the plaintiff relies upon Va. Code § 8.01-290, which states, in pertinent part, that, if a plaintiff is "unable to furnish such name and address, [of a defendant] he shall furnish such salient facts as are calculated to identify with reasonable certainty such defendant." Plaintiff also relies upon a sentence in a recent Supreme Court of Virginia case also noting the same statute.[2] In the present case, however, such reliance is misplaced.

Va. Code § 8.01-290 requires a plaintiff to file "such salient facts as are calculated to identify with reasonable certainty such defendant." Similarly, Rule 3:3 of the Rules of Court requires that "the names of all parties" be placed in the caption and further provides that the requirements of Code § 8.01-290 "may be met by giving the address or other data after the name of each defendant." "The clear purpose of this statute [§ 8.01-290] is to require

---

[2] "We recognize, however, that it is not uncommon for a plaintiff to use the "John Doe" pleading style to initiate a lawsuit against the defendant whose identity is unknown at the time the lawsuit is filed for the purpose of subsequently using discovery to learn the identity of the defendant so that proper service of process on the defendant can be obtained. See Code § 8.01-290." *AOL, Inc. v. Nam Tai Electronics, Inc.*, 264 Va. 583, 592, 571 S.E.2d 128, 133 (2002).

sufficient information about unknown defendants to assist in the service of process." *Carroll v. Charles E. Smith Mgmt., Inc.*, 8 Va. Cir. 222, 223 (Alexandria 1986).

Similarly, the statement in the *Nam Tai Electronics* case was made for the purpose of determining whether to afford comity in a case from California. That statement is an observation, not a directive or mandate by the Supreme Court of Virginia. Where, as here, opposition is interposed to this method of proceeding, by pleading, objection, or otherwise, the plaintiff must have a more sound rationale than this. "In Virginia, there is no statutory basis for 'John Doe' actions other than Code § 38.2-2206, which applies exclusively to certain actions involving uninsured motorists. The Virginia legislature has neither spoken to nor provided a statutory basis for further or other 'John Doe' actions." *Williams v. John Doe Police Officers*, 48 Va. Cir. 52 (Norfolk 1999).

For these reasons, and for the further reason that any such unknown employees share in the statutory immunity discussed above, the defendant's demurrer as to "John Doe" is sustained with leave granted to the plaintiff to re-plead within twenty-one days of this opinion, if it be so advised.

Finally, as to The Independent Hose Company of Frederick, d/b/a Independent Hose Company # 1, defense counsel suggests, and argues, that there is no such independent entity. Def.'s Mem. in Supp. of Dem. at 3. It may well be that defense counsel is correct but for the purposes of a demurrer, the material factual allegations of a motion for judgment that are properly pleaded are taken as true. Matters of proof are not considered on demurrer. *See Luckett v. Jennings*, 246 Va. 303, 435 S.E.2d 400 (1993). Consequently, without more, and being unable to determine whether said defendant is a governmental entity, a separate entity, or any entity at all, the demurrer and plea of sovereign immunity as to The Independent Hose Company of Frederick, d/b/a Independent Hose Company # 1, is overruled.