# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

In re Rebecca Morey etc.

November 7, 2005

Case No. (Chancery) CH05-600

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court pursuant to Virginia Code § 59.1-475 et seq. seeking approval of the proposed transfer of certain structured settlement proceeds currently payable to Morey.

The settlement obligor/annuity owner, Truck Insurance Exchange (TIE), objects to the proposed transfer. The proposed transferee is Rapid Settlement, Ltd. (RSL). The annuity is issued by First Colony Life Insurance Company of Lynchburg, Virginia, and the Virginia Statute is invoked on that basis. (Va. Code § 59.1-477.) First Colony has not appeared and apparently takes no position in the matter.

For the reasons stated hereafter, the petition is denied and the matter is dismissed with prejudice.

These parties have had a somewhat tortured procession from the State of Illinois, where Morey resides (Paragraph 2A of the petition), to the Circuit Court of the City of Portsmouth, Virginia.

The various exhibits filed by TIE reflect that a similar petition was filed in the Eighteenth Judicial Circuit of Illinois, that court being the place of residence of Morey. A hearing was held on May 26, 2005 (Exhibit 8) at which time Judge Popejoy ordered, "The petition . . . dismissed with prejudice." The basis for the dismissal being a lack of jurisdiction "pursuant to 215 ILCS 153/25 (b) . . . because this is not a circuit court of a county in which the underlying action was or could have been maintained. . . ." (Exhibit 7.) To make matters more complicated, the original action was maintained in the Circuit Court for Washington County, Wisconsin. (See petitioner's Exhibit A filed with the petition.) If that was not problem enough, the parties represent to this court that Wisconsin does not have an act comparable to either the Illinois or Virginia Statutes.

While TIE raises a number of objections, which are duly noted by this court, I am of the opinion that Virginia has no interest in this matter that should compel a court of this state to ignore the provisions of the law of the State of Illinois or an order of a court of that state, particularly one where the petitioner resides.

Arguably a court order dismissing an action upon a perceived lack of jurisdiction does not invoke a "full faith and credit" issue pursuant to the United States Constitution. However, issues of comity between the several states of the United States bear discussion. The Virginia Supreme Court has issued several recent opinions that address this issue, the most recent being *America Online, Inc. v. Nam-Tai Electronics*, 264 Va. 583, 571 S.E.2d 128 (2002). Essentially, we have four criteria to access in determining whether comity should be given to a foreign court:

> First, the foreign court must have personal and subject matter jurisdiction. Second, the procedural and substantive law applied by the foreign court must be reasonably comparable to that of Virginia. Third, the foreign court's order must not have been falsely or fraudulently obtained. And, fourth, enforcement of the foreign court's order must not be contrary to the public policy of Virginia, or prejudice the rights of Virginia or its citizens. 264 Va. 583, 591-92, 571 S.E.2d 128.

This court has reviewed the Illinois act (215 ILCS 153/1, et seq.) and finds that it, with only small variation, is similar to the Virginia Act (§59.1-457, et seq.). Both substantive and procedural provisions easily can be termed reasonably comparable.

Clearly, the exhibits (including a transcript) reveal proper jurisdiction for the Illinois proceeding. There is no suggestion of impropriety in the Illinois proceeding, and this court can perceive no violation of any public policy expressed by our statute.

Applying all of these factors lead the court to the conclusion that the Illinois court's decision should be granted comity to the extent possible. In so doing, we shall also consider the underlying basis of that decision, the Illinois statute.

The decision of the Illinois circuit court is simple and direct, it had no jurisdiction. However the Illinois statute did not leave Morey and RLS without remedy. The Illinois statute clearly directs the parties to Washington County, Wisconsin, where the original lawsuit was filed. Whether or not Wisconsin has a statute similar to the one in Illinois or the one in Virginia does not

establish a rule that such a proceeding could not be held there. Indeed, this court could theorize several scenarios that might well allow a Wisconsin court to act upon a proper petition. It is also important to note that the petitioner has not cited any Illinois or Wisconsin authority positing the proposition that Wisconsin courts are unable to act.

What we have is a policy decision made by the Illinois legislature requiring the court that had jurisdiction over the original subject matter to review what in most cases would be a modification of a result that was originally established under the auspices of that court. One can argue what court could be in a better position to evaluate such a matter.

While this rule represents a different policy from that established by the Virginia legislation, this court can hardly be critical of the rule. This is particularly true when the only connection this case has with Virginia is the First Colony Life Insurance Company, which has expressed no interest in this matter.

All in all, I view this matter as an attempt to obtain a different result by an Illinois citizen who does not wish to be governed by Illinois law. It would be inappropriate for a Virginia court to offer an opportunity to circumvent Illinois law, particularly after an Illinois court has ruled on the matter.