# CIRCUIT COURT OF ARLINGTON COUNTY

Lacoste Alligator, S.A.,
and Devanlay US, Inc.

v.

John Doe

v.

Costco Wholesale Corporation

December 17, 2010

Case No. 10-1389

BY JUDGE JOANNE F. ALPER

This case came before the Court on November 19, 2010, for a hearing on Plaintiffs' Motion to Compel Third Party Costco Wholesale Corporation to Comply with Subpoena Duces Tecum. Having taken this matter under advisement and reviewed the memoranda of law and arguments submitted by counsel, the Court issues the following opinion.

## I. *Factual and Procedural Background*

This action arises out of the sale of Lacoste-Branded Goods, or counterfeit goods, in certain retail outlets in violation of Plaintiffs' distributors' distribution agreements. Plaintiff, Lacoste Alligator, S.A. ("Lacoste"), a Swiss societe anonyme (corporation), is the owner of U.S. trademark registrations for "LACOSTE" and Lacoste's distinctive crocodile logo. Lacoste granted Co-Plaintiff Devanlay US, Inc. ("Devanlay"), a Delaware Corporation, the exclusive right to distribute Lacoste-Branded Goods in the United States. Devanlay entered into contractual agreements with Defendant John Doe that limited the retail channels of trade through which John Doe may sell Lacoste-Branded Goods.

On September 24, 2010, Plaintiffs Lacoste and Devanlay filed their Complaint alleging claims against Defendant for breach of contract,

trademark infringement, unfair competition, and violation of the Virginia Consumer Protection Act arising out of the sale of Lacoste-Branded Goods in club stores such as Costco. Plaintiffs seek injunctive relief to permanently enjoin Defendant from (a) distributing Lacoste-Branded Goods to any retail stores that are not expressly authorized by Plaintiffs; (b) using or imitating the LACOSTE Mark; and (c) unfairly competing with Plaintiffs. Plaintiffs also pray for an accounting to determine damages in an amount sufficient to compensate for Plaintiffs' injuries, all profit attributable to Defendant's unauthorized use of the LACOSTE Mark and/or any infringing or counterfeit imitations of the LACOSTE Mark, and the costs of the action.

On September 28, 2010, Plaintiffs served a Subpoena *Duces Tecum* ("subpoena") on Costco Wholesale Corporation ("Costco") by hand delivery on Costco's registered agent in Virginia. On November 5, 2010, Plaintiffs filed a Motion to Compel Third Party Costco Wholesale Corporation to Comply with the Subpoena. Costco filed their Opposition on November 12, 2010. A hearing on the aforementioned Motion was held on November 19, 2010, at which time the Court took Plaintiffs' Motion to Compel under advisement.

## II. *Discussion*

Costco objects to the subpoena on three grounds: (1) that the Court lacks personal jurisdiction to enforce the subpoena; (2) that the subpoena seeks protectable trade secrets; and (3) that the subpoena is overly broad and unduly burdensome.

### A. *Personal Jurisdiction*

Costco argues that the Court lacks jurisdiction because the Plaintiffs have employed an invalid form of action that is not recognized by Virginia law and does not provide sufficient information to establish the Court's personal jurisdiction over the John Doe defendant. Virginia law requires a plaintiff to plead jurisdictional facts to satisfy both the statutory and constitutional bases for personal jurisdiction. Va. Code Ann. § 8.01-328.1(A)(3); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). A review of the Complaint confirms that Plaintiffs sufficiently pleaded facts satisfying the Virginia Long Arm Statute and established minimum contacts within the Commonwealth of Virginia.

The Court finds no controlling authority to conclude that Plaintiffs' "John Doe" cause of action is invalid. The Virginia Supreme Court has recognized "it is not uncommon for a plaintiff to use the "John Doe" pleading style to initiate a lawsuit against the defendant whose identity is unknown at the time the lawsuit is filed for the purpose of subsequently using discovery to learn the identity of the defendant so that proper service of process on

the defendant can be obtained." *AOL, Inc. v. Nam Tai Electronics, Inc.*, 264 Va. 583, 592, 571 S.E.2d 128, 133 (2002). Costco argues that "John Doe" actions in Virginia are only valid in the case of uninsured motorist actions and cybersmear claims. However, there is no legislation or case law prohibiting "John Doe" claims in other types of actions. Accordingly, Costco's first objection to the subpoena is overruled.

## B. *Protectable Trade Secret*

Costco maintains that the discovery Plaintiffs seek is a protectable trade secret; based on Costco's argument in open court, prior rulings on the issue in other jurisdictions, and Plaintiffs' concessions, this Court agrees that the identity of Costco's suppliers is a trade secret. *See Citizens of Humanity v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 13 (2009). However, the finding of a trade secret is not dispositive of Plaintiffs' Motion to Compel. The authorities cited in support of Costco's position of non-disclosure do not stand for the proposition that trade secret information is insulated from discovery but rather that a court must be prudent in determining whether its relevance has been established and whether the sensitive information may be properly reviewed by the other side in a manner that minimizes the risk of third-party disclosure.

There is little question that the discovery Plaintiffs seek is relevant and that it alone may be, or it may lead to, admissible evidence and the trade secret can be adequately protected by a protective order which will be discussed below. Costco's objection to discovery on the second ground is overruled.

## C. *Scope of the Subpoena*

Having determined that Plaintiffs' subpoena meets the threshold requirements for discovery as set out in Va. Sup. Ct. R. 4:1(b)(1), the Court must now determine whether to limit such discovery pursuant to the provisions of Va. Sup. Ct. R. 4:9A to ensure the scope of the subpoena is neither overbroad nor burdensome. While protections against disclosure do not bar discovery, they are relevant in determining the manner in which discovery is conducted and what limitations, if any, should be imposed.

The Court is aware that Plaintiffs seek commercially sensitive information that is confidential and has great value to Costco's business, and therefore the Court will limit the scope of the subpoena by permitting discovery of only information relating to suppliers providing Lacoste-Branded Goods purchased by Costco and offered for sale in Virginia stores from January 1, 2007, through the present.

The Court will enter a protective order to prevent disclosure of Costco's trade secrets. The protective order will limit discovery solely to the

issue of determining John Doe's identity. The order will prohibit Plaintiffs from using the discovery produced to file a claim or suit against any Costco supplier identified in response to the subpoena. In addition, Plaintiffs will be prohibited from threatening, harassing, or contacting any Costco supplier identified in response to the subpoena. As suggested by Plaintiffs' counsel, review of the information and documents provided in response to the subpoena will be restricted to Plaintiffs' counsel of record. Furthermore, Plaintiffs are prohibited from using any of the subpoenaed information for any purpose other than this litigation, without the approval of this Court. In the event Plaintiffs wish to make further use of the information provided in response to the subpoena, Plaintiffs must appear before the Court and show good cause why the Court should grant Plaintiffs' request.

### III. *Conclusion*

For the reasons stated herein, the Court grants in part and denies in part Plaintiffs' Motion to Compel. The Order shall require Defendant to produce the requested documents by January 17, 2011.