# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hadeed Carpet
Cleaning, Inc.

v.

John Doe # 1,
John Doe # 2,
and John Doe # 3

November 19, 2012

Case No. CL12003401

By Judge James C. Clark

This matter comes before the Court on Hadeed Carpet Cleaning, Inc.'s motion to compel Yelp to produce identifying information about defendants, John Does, pursuant to a subpoena *duces tecum* served on Yelp's registered agent in Virginia. The Court has considered the motion, objections thereto, memoranda, argument presented on November 14, 2012, and the applicable law in reaching its decision.

Yelp objected to the subpoena and opposes Hadeed's motion on three main grounds. First, Yelp contends that this Court does not have jurisdiction because service of a subpoena *duces tecum* on a registered agent is an insufficient basis for jurisdiction and that Yelp's advertising agreement with Hadeed demands that disputes be resolved in California. Second, Hadeed fails to meet the Constitutional requirements to compel Yelp to reveal the identity of anonymous users. Third, the subpoena is overbroad. The parties represented at the hearing that they had resolved the third objection and the Court need not address it. In response to Yelp's arguments, Hadeed emphasizes that the subpoena *duces tecum* complies with Va. Code § 8.01-407.1 which specifically delineates how a party may discover the identity of persons communicating anonymously over the internet.

Virginia Code §§ 8.01-301, 13.1-766, and 13.1-928 describe methods of service on foreign corporations. Specifically, Va. Code § 8.01-301 states that, if a foreign corporation is authorized to transact business in the

Commonwealth, then it may be served through its registered agent, but, if a corporation is not authorized to transact business in Virginia, then it is only subject to substituted service if jurisdiction is authorized under the long-arm statute. According to Va. Code § 13.1-766, a registered agent of a foreign corporation "shall be an agent of such corporation upon whom any process, notice, order, or demand required or permitted by law to be served upon the corporation may be served." In *Bellis v. Commonwealth*, the Virginia Supreme Court determined the validity of service of a subpoena *duces tecum* on a third party and held that "process includes a subpoena directed to a witness." 241 Va. 257, 402 S.E.2d 211 (1991) (citing W. Burton, *Legal Thesaurus* 409 (1980)). As such, service of a subpoena *duces tecum* on Yelp's registered agent in Virginia provides jurisdiction for this Court to adjudicate the motion to compel. Furthermore, even if a registered agent alone was an insufficient basis for jurisdiction, this Court has jurisdiction in light of Yelp's conduct directing electronic activity in Virginia and business relationships with Virginia companies and residents. *See e.g. ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 713-14 (4th Cir. 2002) (adopting the standard set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)).

It appears to the Court that this motion to compel is not a "claim, controversy, or dispute arising out of or relating to the Terms, the Site, or Merchant's relationship with Yelp" but instead a dispute between Hadeed and John Does who are not governed by the advertising agreement. Therefore, the advertising agreement's choice of law or arbitration clause do not deprive this Court of jurisdiction to oversee discovery in a case between Hadeed and John Does.

This Court recognizes that anonymous speech and even false speech is entitled to protection under the First Amendment to the Constitution. *See United States v. Alvarez*, 132 S. Ct. 2537, 2544, 183 L. Ed. 2d 574 (2012); *McIntyre v. Ohio Elections Commission*, 514 U.S. 334, 115 S. Ct. 1511, 131 L. Ed. 2d 426 (1995). These types of speech, however, are not entitled to the same level of protection as truthful or political speech. *See Alvarez*, 132 S. Ct. at 2544 (quoting *Brown v. Hartlage*, 456 U.S. 45, 60-61, 102 S. Ct. 1523, 71 L. Ed. 2d 732 (1982)). Defamatory speech is not entitled to the same protection as truthful or political speech. *See e.g. America Online, Inc. v. Nam Tai Elecs., Inc.*, 264 Va. 583, 595, 571 S.E.2d 128 (2002) (citing *Chaves v. Johnson*, 230 Va. 112, 122, 335 S.E.2d 97 (1985)); *See also Beauharnais v. Illinois*, 343 U.S. 250, 266, 72 S. Ct. 725, 96 L. Ed. 919 (1992). After a series of cases involving plaintiffs attempting to discover the identity of persons using America Online via subpoena, the General Assembly crafted a standard which applies to anyone seeking to reveal "the identity of persons communicating anonymously over the Internet" by subpoena. *See* Va. Code § 8.01-407.1. Among other things, this statute requires that one show that the statements "may be tortious" and

that the "identity of the anonymous communicator is important, is centrally needed to advance the claim, relates to a core claim or defense, or is directly and materially relevant to that claim or defense." *Id.* This Court finds that Hadeed's subpoena *duces tecum* complies with the requisite standard enumerated in Va. Code § 8.01-407.1 and that the statements are tortious if not made by customers of Hadeed Carpet Cleaning and the identity of the communicators is essential to maintain a suit for defamation. Therefore, Hadeed has met the Constitutional and statutory standards required to compel Yelp to reveal the identities of the John Does.

This Court further recognizes that the Uniform Interstate Depositions and Discovery Act (UIDDA) provides an avenue to obtain the discovery that Hadeed seeks. *See* Va. Code §§ 8.01-412.8 *et seq.* That avenue, however, is not the exclusive means to obtain discovery on foreign corporations and other lawful methods remain alternatives to the UIDDA.

Therefore, it is adjudged, ordered, and decreed that Yelp comply with the subpoena *duces tecum* and Va. Code § 8.01-407.1 and produce the information sought to discover the identities of Defendants, John Does. Endorsement of this Order by counsel is hereby dispensed with pursuant to Rule 1:13.